## CORNELL vs. THE MILWAUKEE MUTUAL FIRE INSURANCE COMPANY.

Where one of the conditions of an insurance policy was, that the assured should give written notice of the loss to the secretary of the company within twenty days after it occurred, an oral notice to the local agent two days after the loss, and written notice to the secretary more than a month afterwards, did not constitute a substantial compliance with the condition.

Where such written notice, given after the expiration of the time limited, stated that the assured had given the company verbal notice within the time limited, through its agent (naming him), the neglect of the company to object at the time to this statement, did not constitute a waiver of its right to object to the notice as insufficient.

After such written notice was given, the secretary of the company wrote to the attorneys of the assured (who had requested a settlement), that the president of the company would be in their place on a specified day to arrange the matter, and afterwards wrote them that the matter was in the hands of the company's attorney, and when he returned to town the company could inform them what would be done. *Held*, that these statements did not constitute any waiver of the company's right to object to the notice as insufficient.

APPEAL from the County Court of *Milwaukee* County.

Action on an insurance policy, issued by the defendant in October, 1861. The property insured is alleged to have been destroyed January 5, 1862. The complaint alleges, among other things, that the insured, Elizabeth Hertzog, duly performed all the conditions of the policy on her part, and on the 11th of February, 1862, gave the defendant due notice and proof of the fire and loss, and demanded payment of the loss; and that afterwards she assigned to the plaintiff, for value, the policy and her demand arising out of said loss. The policy, which is annexed to the complaint, contains a proviso that the loss, if any, shall be paid " within three months after notice is given, and the loss thereby proven by the insured, according to the provisions of the act of incorporation and the by-laws " of the company. The act of incorporation, as amended prior to the issue of this policy, provided as follows : " In case of any loss or damage by fire happening to any member, upon property insured in said company, the said member shall give notice thereof in writing to the secretary of said company, within twenty days from the time such loss or damage may have occurred," &c. By the act, all persons insuring in said company were members of the same.—The answer, among other things, admits that the fire occurred on the 5th of January, 1862, and that the company received a written notice on the 11th of February following, but denies that the assured duly performed all the conditions of the policy on her part.

On the trial, the plaintiff offered in evidence, among other things, a notice of the fire and loss, dated February 11, 1862, addressed to the secretary of the company, and signed by said

Elizabeth Hertzog, to which was appended a certificate of the same date, that the notice was true, signed by "John Scott, Agent," and also a letter of the same date from Strong & Fuller, as attorneys for the assured, addressed to the secretary of the company, in which they say: "Enclosed we hand you a notice of a loss sustained by Mrs. Elizabeth Hertzog, of which you have had notice before through your agent, John Scott. We are acting for Mrs. Hertzog, and desire an early settlement. If you will advise us when you will be in Racine to adjust the matter, we will endeavor to be at home and give you all the aid in our power." The plaintiff also read in evidence three letters from the defendant (by its secretary) to Messrs. Strong & Fuller, the contents of which are stated by the court. After the plaintiff had introduced further evidence in support of other allegations of the complaint, but not bearing upon the question of notice, and had rested, the defendant moved for a nonsuit, on the ground that written notice of the loss was not served upon its secretary within twenty days after the same occurred. The record states that the judge, "after hearing the respective counsel, gave his opinion that such service was necessary; that it was a part of the contract and must be strictly followed, and therefore the nonsuit should be granted. Thereupon the plaintiff's counsel, before said order of nonsuit was entered, offered to prove that John Scott was the agent of the defendant who effected this insurance; and continued to be such agent at the time of the loss in this case and subsequently thereto, and that on the 7th of January, 1862, the assured gave notice of this loss to said Scott, and also again notified him thereof on the 31st of the same month." An objection to the testimony on the ground that it was immaterial, was sustained, and an order of nonsuit was entered. Judgment accordingly; from which the plaintiff appealed.

*Cary & Pratt*, for appellant, contended, 1. That a strict technical compliance with the rule of the company in regard to a

written notice was not necessary, citing *Roumage v. Mechanics' F. Ins. Co.*, 1 Green (N. J.), 110.   2. That the defendant had waived a strict compliance with the rule.   *Clark v. N. E. Ins. Co.*, 6 Cush., 342 ; *Heath v. Franklin Ins. Co.*, 1 id., 257 ; *Mc- Masters v. Ins. Co.*, 25 Wend., 379 ; *Aetna Fire Ins. Co. v. Ty- ler*, 16 id., 385–401 ; *Schenck v. Mercer Ins. Co.*, 4 Zab., 447 ; *Bumstead v. Dividend Ins. Co.*, 12 N. Y., 81 ; *Underhill v. Aga- wam Ins. Co.*, 6 Cush., 440 ; *O'Niel v. Buffalo Fire Ins. Co.*, 3 N. Y., 122–28 ; *Kernochan v. Fire Ins. Co.*, 17 id., 428–33.

*H. L. Palmer*, for respondent, to the point that there could be no recovery on the policy without a notice to the secretary, such as is provided for in the act of incorporation, and made one of the conditions of the policy, cited *Inman v. Western F. Ins. Co.*, 12 Wend., 452–55 ; *Duncan v. The Sun F. Ins. Co.*, 6 id., 488 ; *Routledge v. Burrell*, 1 H. Black., 254 ;   *Wood v. Worsley*, 2 id., 574 ; *S. C. in Error*, 6 Term, 710 ; *McEvers v. Lawrence*, 1 Hoffm. Ch., 172 ; *Trask v. State Fire & Marine Ins. Co.*, 29 Pa. St., 199 ; *Inland Ins. & Deposit Co. v. Stauffer*, 33 id., 397 ; *Whitehurst v. N. C. Mut. Ins. Co.*, 7 Jones (Law), 433. To the point that there was no waiver, counsel cited   *Edwards v. Baltimore Ins. Co.*, 3 Gill, 176 ; *St. Louis Ins. Co. v. Kyle*, 11 Mo., 278 ; *Trask v. State F. Ins. Co.*, 29 Pa. St., 198 ; *Inland Ins. Co. v. Stauffer*, 33 id., 397 ; *Smith v. Haverhill Mut. Ins. Co.*, 1 Allen, 297 ; *Nash v. Union Mut. Ins. Co.*, 43 Me., 343 ; *Eastman v. Carroll Co. Ins. Co.*, 45 id., 307.

*By the Court*, COLE, J.   The objection that notice of the loss was not given in this case as required by the policy, seems to us insurmountable.   It is a plain condition of the contract, that, "in case of any loss or damage by fire happening to any member, upon property insured in and with said company, the said member shall give notice thereof in writing to the secre- tary of said company, within twenty days from the time such loss or damage may have occurred."   It appears to us that it is utterly impossible to say, in view of the acts of the assured,

that there was ever a substantial compliance with this stipulation in the contract. The first written notice sent to the secretary or officer of the company, bore date the 11th of February, 1862, when the loss occurred on the 5th of the previous month. It is true, in this written notice the assured stated that she had given the company notice of the loss on the 7th and 31st of January, through John Scott, an agent of the company. And on the trial, after a motion of nonsuit had been made and granted, the appellant offered to prove that John Scott was the agent of the company who effected the insurance, and continued such agent up to the time of the loss, and that the assured notified him of the loss as stated in the notice of the 11th of February. Assuming that these facts had been fully established before the nonsuit was granted, we still think the result must be the same. For it can hardly be said that notifying a local agent of a loss is any compliance with a condition which requires that notice shall be given to the secretary of the company. The local agent had no authority to receive notice of loss, and therefore notice to him was not notice to the company. It is said that the requirement of a written notice of loss to "the secretary" need not be strictly and technically complied with, but that notice of the loss, whether written or verbal, given the secretary, or other officer in charge of the affairs of the company, or left at the office, is all that is necessary. It is possible such a notice might be deemed a substantial compliance with the condition that written notice be given the secretary. We are certainly not inclined to adhere to any literal or technical construction of such stipulations. It is the duty of courts, undoubtedly, to give them a fair and reasonable interpretation. At the same time, we should be going farther than authority or principle would warrant, to hold the notice of loss which was given in this case sufficient, or a substantial compliance with the terms of the policy. It was not given within the time limited, and was therefore insufficient.

Nor do we think it was incumbent upon the company, when

it received the notice of the 11th of February, in which it was stated that it had been notified of the loss through its agent Scott, to deny that it had been thus notified, or take objection to this statement. The period for giving the notice had already elapsed, and therefore the case stands upon somewhat different ground from one where the notice is defective in some matter which can be remedied if objection is taken. In the former case the defect is incurable, while in the latter it is not. Good faith on the part of the company requires it to take its objection to a defective notice when there is time to remedy it, so that the defect may be removed. But what possible advantage could it have been to the assured in this case, for the company to have denied that it had been notified as stated in the notice of the 11th of February? How could she have been prejudiced by the omission to contradict this statement? See *Patrick v. Farmers' Insurance Co.*, 43 N. H., 621 ; *The Inland Ins. & Deposit Co. v. Stauffer*, 33 Penn. St., 397.

Again, is there anything in the case which shows that the company waived a strict compliance with this stipulation in respect to giving notice of loss, so that it is now estopped from insisting upon the objection that it was not given in time? It appears to us not. The facts relied upon to show a waiver are the following letters, written to the attorneys who forwarded the notice of the 11th of February with a letter of their own upon the subject of the loss: "Milwaukee, Feb. 14th, 1862. Messrs. STRONG & FULLER: Gents.—Your favor is at hand, and contents noted. The president of the company (S. S. Daggett) will be at your place on Tuesday, February 18th. Yours, &c., P. B. HILL, Secretary." "Office of the Milwaukee Mutual Fire Ins. Co., No 4, Martin's Block, Milwaukee, April 30, 1862. Messrs. STRONG & FULLER. Gents:—The President of the company will be in Racine the first of next week, to arrange the Hertzog matter. Yours, &c., P. B. HILL, Secretary, per T. D." A few days after the date of this last letter, Strong & Fuller were notified by the company that the matter

was in the hands of its attorney &c. There is nothing in these letters which authorizes the inference that the company intended to waive any ground of defense, or admitted its liability for a loss from which it had been discharged by the neglect of the assured to give the notice in the specified time. See the following authorities on the point of waiver: *Lycoming County Mutual Ins. Co. v. Schollenberger*, 44 Pa. St., 259; *Trask v. The State Fire & Marine Ins. Co.*, 29 id., 198; *Smith v. Haverhill Mutual Fire Ins. Co.*, 1 Allen, 297; *Roumage v. Insurance Co.*, 1 Green (N. J.), 110; *Nash v. Union Mutual Ins. Co.*, 43 Maine, 343; *Eastman v. Carrol Co. M. F. Ins. Co.*, 45 id., 307.

We do not think there is anything in the letters above quoted which, upon any sound principle, can be considered as a waiver of the defect in the time of giving the notice. As already observed, if the defect had been one that might have been cured, then, by omitting to apprise the assured of the ground of the objection so as to give him an opportunity to remove it, the company might well be said to have waived the defect. The defect in this case might undoubtedly be waived, but the evidence of waiver should be clear and satisfactory.

We think the nonsuit was right, and that the judgment of the county court must be affirmed.