KILLIPS VS. THE PUTNAM FIRE INSURANCE COMPANY.

FIRE INSURANCE : (1–10) *Notice of Loss* — *Proofs of Loss* — *Waiver of defects* — *Limitation of action, by policy* — *What time excluded from the computation.*

VERDICT : (11–12) *Effect of verdict, where no instructions asked or given.*

A fire insurance policy provided that losses should be paid " sixty days after due notice and satisfactory proofs of the same, made by the assured and received at the office of the company ;" that in case of a loss the assured should " give immediate notice thereof," and should " render to the company a particular account of said loss under oath," &c., and should produce the certificate under seal of a magistrate, notary public or commissioner of deeds nearest the place of the fire, stating certain facts. *Held,*

1. That only the *notice* of loss, and not the *proofs*, was required to be furnished immediately. The most that the company could claim was, that the proofs should be furnished within a reasonable time.

2. That a verbal notice of a loss to the company's local agent was sufficient, under this policy.

3. Where the company did not object within a reasonable time (in this case two months) that proofs of loss furnished it were defective (as that they were not furnished in due time, or did not contain the proper magistrate's certificates), it must be *held* to have waived all defects therein.

4. In an action on the policy, where the company relies on defects in the proofs of loss, the burden is upon it to show that it notified the assured of such defects within a reasonable time.

5. A clause in the policy limiting the right of action thereon to twelve months after the loss, was valid, but the stipulation might be modified or waived by the parties, or the company might be estopped by its own acts from claiming the benefit thereof.

6. Whether such clause should be so construed as to permit suit to be brought at any time within twelve months *after the right of action accrued, quære.*

Killips vs. The Putnam Fire Insurance Company.

7. Where, by any act or omission of the responsible officers and agents of the company, the assured is induced to suspend for a certain length of time the performance of acts required on his part after a loss, such time should not be reckoned as a part of the period to which the right of action is limited.

8. A general agent of defendant objected to the proofs first furnished, without pointing out any specific objection, and assured plaintiff's attorneys that he would soon call on them in their place of residence. After waiting several months, during which they were frequently assured by the local agent that said general agent was expected every week, the attorneys again wrote to him, and received a reply merely insisting that the proofs were defective, but declining to point out the defect. Subsequently, but more than a year after the loss, new proofs were made out, one copy of which was handed to the local agent, and the other mailed to the secretary of the company at its principal office. *Held*, that these facts had a tendency to prove that plaintiff was induced, by the conduct of said general agent, to suspend the making and furnishing of his second proofs, for a period equal to that between the end of the twelve months and the commencement of this action (about fourteen weeks); and if the jury so found, a verdict for plaintiff would not be set aside merely because the action was not commenced within the time limited.

9. Whether the objections to the first proofs of loss were not waived by the agent's failure to specify wherein they were defective, *quære*.

10. There was evidence that defendant's general agent visited plaintiff shortly after his loss, and that, at his suggestion and for his accommodation, plaintiff's proofs were made out, not before the nearest magistrate, but by one in the nearest village. *Held*, that upon this evidence the jury might have found that the requirement of the policy, in reference to a certificate of the *nearest* magistrate, was waived.

11. Where a cause is submitted to the jury without any instructions asked or given, the verdict has the same effect as if rendered under full and correct instructions.

12. The verdict here being for the plaintiff, and no instructions having been asked or given, the jury must be presumed to have found that the proofs of loss were furnished within a reasonable time (if that was material); that defendant waived any defects therein; and that the action was brought within the period of twelve months *plus* the time during which plaintiff's proceedings were suspended through the fault of defendant's agent.

APPEAL from the Circuit Court for *Walworth* County. The defendant company appealed from a judgment rendered

against it in an action on a fire insurance policy.    The facts are stated in the opinion.

*Orton, Keyes & Chynoweth,* for appellant, argued that plaintiff was bound to prove that all the conditions of the policy, precedent to a recovery, had been literally complied with on his part, as required by the terms of the policy (6 Term, 722 ; 2 H. Blacks., 577, note ; 20 Wis., 205) ; that inasmuch as the preliminary proofs and notice of loss were not served on the *company,* until over a year after the fire occurred, there was a total failure to comply with the requirements of the policy in that respect (*Inman v. W. F. Insurance Co.,* 12 Wend., 452 ; *McEvers v. Lawrence,* 1 Hoffm., 177 ; *Trask v. State F. & M. Ins. Co.,* 29 Pa. St., 198) ; that service of preliminary proofs (even though perfect) on an *agent* is not a service on the *company* (18 Wis., 387 ; 43 N. H., 621 ; 33 Pa. St., 397) ; that even acknowledging that the first proofs were furnished in time, and served on the proper party, and could be amended, yet it is a fair construction of the contract, to say that under it the amended proofs should be served immediately after notice of a defect in them, just as the original proofs were to be served immediately after the fire, and the delay of plaintiff for nearly ten months in furnishing the amended proofs, is fatal to a recovery ; that said amended proofs also were defective, because they did not contain the proper certificate by the *nearest* magistrate (1 Ellis & Ellis, 825 ; 5 Upper Canada, K. B., 37 ; 1 Green, N. J., 110 ; *Protection Ins. Co. v. Pherson,* 5 Porter, Ind., 417 ; *Wood v. Worsely,* 2 H. Blacks., 574 ; *Oldham v. Bewicke,* id., 577 ; note to 1 H. Black., 254 ; *Leadbetter v. Ins. Co.,* 13 Me., 265 ; *Lampkin v. Ins. Co.* 13 Upper Canada, Q. B., 237 ; *Noonan v. Ins. Co.,* 21 Mo., 87) ; that the letter of Ames, informing plaintiff that he would be in Waukesha sometime in October, was no waiver of the defects in in the proofs (*Cornell v. Mil. Mut. Fire Ins. Co.,* 18 Wis., 387) ; that the second letter of Ames, referring plaintiff's agent to the policy for information as to how the proofs were to be perfected, was not a waiver of any defects (*Spring Garden Mut. Ins. Co. v.*

Killips vs. The Putnam Fire Insurance Company.

*Evans*, 9 Md., 1) ; that the fact of the general agent visiting the place of the fire, and examining into the circumstances connected therewith, was not a waiver of the notice of loss or of the preliminary proofs (*Trask v. State F. & M. Ins. Co., supra*) ; that the second proofs, served on the company, having been furnished more than a year after the loss, and therefore too late, the failure of the company to object to their sufficiency was not a waiver (12 Iowa, 126 ; 2 Peters, 25 ; 1 Green, N. J., 110 ; 18 Wis., 387 ; 3 N. Y., 164) ; and finally, that the action, not having been brought within twelve months after the loss occured, was barred by the terms of the policy. To the point that such a stipulation in a policy of insurance is valid, counsel cited *Peoria Ins. Co. v. Whitehill*, 25 Ill., 466 ; *Williams v. Ins. Co.*, 20 Vt., 222 ; *Wilson v. Ins. Co.*, 27 Vt., 99 ; *N. W. Ins. Co. v. Phœnix Oil Co.*, 31 Pa. St., 448 ; *Brown v. Ins. Co.*, 24 Ga., 101 ; *Portage Ins. Co. v. West*, 6 Ohio St., 602 ; *Amesbury v. Ins. Co.*, 6 Gray, 603 ; *Fullam v. Ins. Co.*, 7 Gray, 61 ; *Carter v. Humboldt Ins. Co.*, 12 Iowa, 287 ; *Stout v. City Ins. Co.*, id., 371 ; *Ripley v. Ætna Ins. Co.*, 30 N. Y., 164 ; *Gooden v. Amoskeag Ins. Co.*, 20 N. H., 73 ; *Brown v. Roger Williams Ins. Co.*, 7 R. I., 301 ; *Ames v. N. Y. Ins. Co.*, 4 Kern., 253 ; *Cray v. Hartford Ins. Co.*, 1 Blatchf., 280 ; *Provincial Ins. Co. v. Ætna Ins. Co.*, 16 Upper Canada, Q. B., 135 ; *Riddlebarger v. Ins. Co.*, 7 Wallace, 386.

*A. Cook* (with *Levi Hubbell*, of counsel), for respondent, argued that the period of limitation named in the policy, for bringing the action, did not begin to run until the proofs of loss were adjusted. The loss was to be paid " sixty days after due notice and *satisfactory proofs*, made by the assured and received at the office of the company." The company was to be *satisfied* ; and, having an option either to accept or reject the proofs when made, it was bound to notify the assured of its decision. If the proofs were not satisfactory, it should have pointed out their defects. *Bumstead v. Ins. Co.*, 2 Kern., 96 ; *Ætna F. Ins. Co. v. Tyler*, 16 Wend., 401, 402 ; *Turley v. Ins. Co.*, 25 id., 378 ; *Bodle v. Ins. Co.*, 2 Coms., 58. *Negotiations were pending* for an

adjustment of the loss up to June 23d, 1868; because, 1. Defendant up to that time had invited further proofs.    2. At that time it received further proofs.    3. It retained such further proofs, and had the right to reject or accept them, and claim its sixty days to pay.    4. It gave plaintiff no notice that it did not deem the proofs satisfactory.    The plaintiff, therefore, was bound to wait sixty days or more, after the last proofs were served, before he had a cause of action; and the action was commenced in due time.    *Mayor of N. Y. v. Ins. Co.*, 10 Bosw., 537; 39 N. Y., 45, 48; *Ames v. Ins. Co.*, 4 Kern., 264; *Ripley v. Ætna Ins. Co.*, 30 N. Y., 164; *Ripley v. Astor Ins. Co.*, 17 How. Pr. R., 445; 6 Gray, 603; 7 id., 61; 6 Ohio St., 602.    To the point that the defendant, in view of the facts, must be held to have waived any technical objection to the proofs, counsel cited *Van Deusen v. Ins. Co.*, 1 Robertson, 60, 62, and cases cited; 4 Wis., 256; 14 Wis., 323, 324.

Lyon, J.    On the 24th day of November, 1866, the plaintiff paid the premium and received from the defendant, the insurance company, a policy insuring him against loss or damage by fire to certain buildings and personal property situated in the town of New Berlin, county of Waukesha, to the amount of $1,320.    On the 22d day of June, 1867, and within the life of such policy, the insured property was destroyed by fire. Immediately thereafter, and probably on the next day after the fire, the plaintiff gave the local agent of the defendant, at Waukesha, notice of the loss.

During the latter part of July, or early in August, of the same year, one E. B. Ames, of Minneapolis, Minn., who was a general agent of the defendant, and Mr. Heath, its local agent at Waukesha, visited the plaintiff at his residence in New Berlin, and made an examination into the origin and circumstances of the fire, and the extent of the loss.    In answer to a question put to the plaintiff on the trial, as to what Ames there said to him about making out proofs of the loss, he testified as follows: "He asked if there was a justice in the neighborhood.    I told

him there was, but it was some ways off; and, says he, 'Is it about as near to Waukesha as to the justice's office?' Well, I told him I would rather go to Waukesha, because the road was better, and about the same distance, and, said he, 'It will accommodate me to go to Waukesha, because it will be on my way home.' So I went to Waukesha."

Ames prepared an affidavit of the circumstances and extent of the loss, which was signed and sworn to by the plaintiff, and, by direction of Ames, Mr. Heath furnished the plaintiff with certain blanks which were required to be filled as part of the proofs of loss. These blanks were afterwards filled by Mr. Gibbs, since deceased, and soon after (probably on the 31st of August), were, together with the affidavit, sent by mail to Ames, at Minneapolis, by Messrs. Cook and Gibbs, the attorneys for the plaintiff in respect to that business. In due time Cook and Gibbs received the following letter from Ames: "General Northwestern Agency of the Putnam Fire Insurance Co., of Hartford, Conn. Capital $500,000. Minneapolis, Minn., Sept. 24, 1867. Messrs. Cook & Gibbs: Gentlemen: I am in receipt of yours of August 31st, enclosing what purports to be proof of loss of *William Killips*. The proofs are quite defective in several particulars, and do not comply with the requirements of the policy. I will visit Waukesha sometime during October, when I will call on you. Respectfully yours, E. B. AMES, General Agent." After waiting several months, during which time the plaintiff was frequently informed by the local agent that Ames was expected at Waukesha every week, Mr. Cook sent another letter to Minneapolis relative to the business, which, although addressed to the wrong person, reached Ames, who answered it as follows: "Minneapolis, Minn., March 1st, 1868. Messrs. Cook and Bennett, Waukesha: Gentlemen: On my return home, a day or two since, I found your letter here, addressed to T. C. Kendrick, the general agent of Putnam Insurance for the East, on the subject of *Killips'* loss. From reading it, I presume it was designed for me, as I

am the general agent who was there *last* summer, and I was the one to whom the proof of loss was sent. In reference to proof of loss in case of *Killips*, you say you used the blanks furnished by agent Heath; if they are not correct, it is the fault of the blanks, and not of yourselves. One of the main requirements of the policy, required in making out the proof of loss, has not been complied with, although the blank was there, and all that was necessary was to fill in the blank. You, as attorneys, are aware that it is no part of my duty to tell you how you shall make out your proof of loss. The policy will tell you that, and to that I refer you. Respectfully yours, E. B. AMES, General Agent."

After the receipt of this letter, the plaintiff made out new proofs of loss in duplicate, one set of which was delivered to the local agent in Waukesha on the 13th day of July, 1868, and the other was mailed to the secretary of the defendant, at Hartford, Conn., probably at about the same time. It does not appear that any objection was made by the agents or officers of the defendant, before this action was commenced, to the sufficiency of such new proofs.

This action was brought upon the policy to recover for such loss, and the summons was duly served upon the defendant, September 30th, 1868.

On the trial, in the circuit court, no instructions were asked by either party, and none were given to the jury. The plaintiff had a verdict for $1,164.19 damages. The court had overruled a motion for a nonsuit, and it caused judgment to be entered upon the verdict; from which judgment the defendant has appealed to this court.

The provisions of the contract between the parties contained in the policy of insurance, upon which the defendant relies to obtain a reversal of the judgment, are the following:

Losses "to be paid sixty days after due notice and satisfactory proofs of the same, made by the assured, and received at the office of this company." "In case of loss, the assured shall

give immediate notice thereof, and shall render to the company a particular account of said loss, under oath, stating the time, origin and circumstances of the fire, the occupancy of the building insured, or containing the property insured, other insurance, if any, and copies of all policies; the whole value and ownership of the property, and the amount of loss or damage; and shall produce the certificate under seal of a magistrate, notary public, or commissioner of deeds, nearest the place of the fire, and not concerned in the loss or related to the assured, stating that he has examined the circumstances attending the loss, knows the circumstances and character of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured to the amount claimed by the said assured." "It is expressly covenanted by the parties hereto, that no suit or action against this company for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery, unless commenced within twelve months next after the loss shall have occurred, and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and admitted as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding."

The motion for a nonsuit, before mentioned, was also predicated upon these conditions of the policy.

It is contended for the defendant, that these conditions of the contract of insurance are fatal to the plaintiff's right to recover in this action, for three reasons:

1st. Because the plaintiff failed to give immediate notice of the loss, and make the necessary proofs thereof, as required by the policy.

2d. Because he failed to obtain the certificate of the nearest magistrate or notary public, which the policy required him to furnish.

3d. Because the action was not commenced within twelve months after the loss occurred.

The first and second objections are clearly not well taken. The last proofs were mailed to the secretary of the defendant, at its place of business in July, 1868, and, in the absence of evidence upon the subject, the presumption is that such proofs reached their destination by due course of mail. The plaintiff waited more than two months before he commenced his action, and it does not appear that any objection was made to the form or sufficiency of the proofs by the officers of the defendant. It was their duty, if they deemed the proofs insufficient, to notify the plaintiff of the fact within a reasonable time, or the defects were waived. *Troy Fire Insurance Co. v. Carpenter*, 4 Wis., 20; *Warner v. The Peoria M. & F. Ins. Co.*, 14 id., 318, and cases cited.

The burden of proof is with the defendant, to show that objection was thus made on its behalf to the sufficiency of the proofs; and there being no evidence tending to show that fact, it must be held that the defendant was satisfied therewith, and waived the objections that the proofs were not furnished in time, and did not contain the certificate of the proper justice of the peace, or notary.

But there are other answers to these objections. The policy required the plaintiff to give immediate notice of his loss. It does not provide expressly to whom, or in what manner it should have been given. In this it is unlike the case of *Cornell v. The Milwaukee Mutual F. Ins. Co.*, 18 Wis., 387, cited on the argument. In that case the contract was, that in case of loss the insured should, within twenty days thereafter, give notice thereof *in writing* to the *secretary of the company;* and it was there held, that a verbal notice to the local agent was not a compliance with the contract. In the present case, the legal construction of the contract is, that the notice is to be given to the defendant, and that a verbal notice is sufficient. There can be no doubt that notice to the local agent of the defendant, at Waukesha, was notice to the defendant, and that it was given in due time. *Miner v. The Phœnix Ins. Co.*, 27 Wis., 693, and cases there cited. So much for the notice.

But it seems to be claimed that the contract also required the plaintiff to render to the defendant his proofs of loss *immediately.* This, we conceive, is not a correct construction of the contract. The *notice* must be given *immediately,* but there is no such restriction as to the time when the proofs shall be rendered. The most that the defendant can successfully claim is, that they should have been rendered within a reasonable time after the loss. And if the question as to whether they were so rendered is material in this action, we must presume that the jury passed upon it and decided it in favor of the plaintiff.

It may be here remarked, that in the absence of any instructions to the jury, the same force and effect is to be given to the verdict as would be given to it had the court instructed them, and instructed them correctly, on the law applicable to all questions of fact involved in the issue.

An application of this principle cures the alleged defect in the proofs in respect to the certificate of the justice. A certificate of a justice of the peace of Waukesha accompanied the proofs, and forms a part thereof. This certificate is in the form required by the conditions of the policy, but was not made by the nearest justice to the place where the loss occurred, as therein required. The testimony of the plaintiff, which is hereinbefore stated, tended to show that the general agent waived the conditons of the policy in that respect, and consented that the certificate might be made by a justice of Waukesha. We must presume that the jury found that such waiver was made, if the question was a material one in the case.

We now come to the consideration of the question, whether the action is barred by reason of the failure of the plaintiff to commence it within one year after the loss occurred. The failure of the defendant to notify the plaintiff that the last proofs were not satisfactory, is no waiver of the objection that the action was not commenced within the time limited in the contract, for the reason that such notice could have been of no

possible service to the plaintiff. The doctrine of waiver which we have discussed, applies only to defects which can be remedied if the objection be taken. If the plaintiff was bound at all events to bring his action within a year after the loss, his right of action was gone before he furnished the proofs to the defendant, and no act of his could restore it. Hence this objection was not waived by the silence of the defendant. *Cornell v. Mutual Fire Ins. Co., supra.*

Provisions limiting the right of action on policies of insurance to much shorter periods than is prescribed by the statute laws of the country for the commencement of similar actions, are almost universally inserted in such policies, and the binding force of those provisions upon the parties to the contracts, has been as universally recognized by the courts. But such contract of limitation, in any given case, like all other stipulations and covenants, may be modified, waived or extended by the parties thereto. Or the party in whose favor the limitation is imposed may be estopped, by his own act or omission, from claiming the benefit of it. We are now to inquire whether there has been any act or omission on the part of the defendant, which operates, either by way of estoppel or of waiver, to extend the time limited by the contract within which the action should have been commenced. Or, to speak with more precision, perhaps, the inquiry is, whether there is evidence in the case tending to prove such act or omission.

It will be remembered that the contract gives the defendant sixty days after satisfactory proof of the loss has been furnished, within which to pay the same; and we have seen that the plaintiff is not *expressly* bound to furnish such proofs at or before any specific time. It would seem then to be a fair construction of the contract, to hold that it gives the plaintiff, by necessary inference, the balance of the twelve months after deducting such sixty days, or about ten months, in which to prepare and furnish such proofs.

It does not seem to require much argument to demonstrate

that if, by any act or omission of the responsible officers and agents of the defendant, the plaintiff should be induced to suspend action in the premises, for a given time, such time should not be deemed a part of the twelve months to which his right of action is limited by the original contract. To hold otherwise would be in many cases to allow a person to take advantage of his own wrong. Cases may readily be supposed, where, by delays in passing upon the sufficiency of proofs of loss, in investigating losses, or in replying to communications—by general objections to proofs, refusing to specify wherein they are defective, and thus compelling the claimant to grope his way in the dark, and find out as best he may wherein he has come short of fulfilling the requirements of his policy—and by many other means, the agents and officers of an insurance company might, without committing any act which the law would adjudge fraudulent, so embarrass the claimant that he would be entirely unable to make satisfactory proofs of his loss within the time which his contract gives him for that purpose, and yet be entirely free from any laches whatever. The idea that the remedy on the policy may be lost under such circumstances, is not to be entertained for a moment. The plainest principles of justice demand that the time thus lost by the plaintiff without any fault on his part, but through the fault of the defendant, should be added to the time within which they contracted in the first instance that the action should be commenced, and the plaintiff be not barred of his remedy on the policy until such additional time has expired.

For discussions of the subjects of waiver and estoppel in relation to such contracts, in addition to the cases before cited, see *Ames v. N. Y. Union Ins. Co.*, 4 Kernan, 253 ; *Ripley v. The Astor Ins. Co.*, 17 How. Pr., 445 ; *Mayor &c. of New York v. The Hamilton Fire Ins. Co.*, 10 Bos., 537 ; *Same Case*, 29 N. Y., 45.

In the latter case, the action was upon a policy of insurance which contained a provision that an action upon it must be

brought "within the term of six months after any loss or damage shall accrue"; and it also contained a further provision that "payment of losses shall be made in sixty days from the date of the adjustment of the preliminary proofs of loss by the parties." In this case the corresponding provisions of the policy are, that the action must be brought "within twelve months next after the loss shall have occurred," and that payment of losses is to be made "sixty days after due notice and satisfactory proofs of the same, made by the assured and received at the office of this company." It is obvious that there is no difference in principle in these corresponding provisions of the two policies, and evidently the same rules of construction are applicable to each policy.

In the New York case, the court of appeals, without dissent, held that construing the two provisions of the policy together, the term "after any loss or damage shall accrue," contained in the first provision, must be construed to mean "after the right of action shall have accrued." Applying that rule of construction to the contract in the present case, the plaintiff's right of action on the policy was not barred by the limitation therein contained, until September, 1869, or until nearly a year after the action was commenced.

But in the view which we take of this case, we are not called upon to decide whether the court of appeals has or has not laid down the true rule of construction. But we deem it proper to say that there are many considerations, both legal and equitable, which strongly incline us to approve the doctrine asserted by that court.

But to return to the subject of waiver. We have seen that if, by any act or omission of the defendant, acting through its authorized agents, the plaintiff was induced to suspend the making and furnishing of his proofs of loss for a given time, such act or omission operates as a waiver of the limitation clause in the policy to that extent, and the time thus lost is to be added to the twelve months prescribed by the policy, in de-

termining the time within which the action thereon must be commenced. We have also stated what effect must be given to the verdict of the jury in this case, in view of the fact that no instructions were given by the court. It results from these principles, and from the views above expressed, that the only remaining question to be considered is: Did the testimony introduced on the trial in the circuit court tend to show that Ames, the general agent of the defendant (by whose acts and omissions in this business the defendant is clearly bound), did, or omitted to do, any act, by reason whereof the plaintiff was reasonably delayed in making and furnishing his proofs of loss for a period of time equal to that between June 22d and September 30th?

We think that this question must be answered in the affirmative. The letter of September 24th, 1867, written by Ames, and sent to the attorneys of the plaintiffs, stated generally that the proofs which had then been furnished were quite defective, and did not comply with the requirements of the policy, but did not state wherein they were defective. It also notified the attorneys that the writer would visit Waukesha in October, and would call on them. The plaintiff had a right to infer from that letter that when the agent visited Waukesha he would specify the particulars wherein his proofs were defective, and thus facilitate the correction of them. There is nothing therein from which the plaintiff could infer that Ames deemed it no part of his duty to tell him how to make out his proofs of loss, or that he would decline to do so, but quite the opposite. The letter of March 1st, 1868, conveyed the first intimation to the plaintiff of the hostile attitude of the agent towards him.

In relation to the letter of March 1st, we have only to say that if the writer did not mistake his legal duty, certainly, as a business man acting on behalf of a company depending for its success upon the patronage of the public, he grievously mistook his duty both to his employer and the defendant. But we are not quite sure that he did not mistake his legal duty. Had the

plaintiff relied upon the proofs which he sent to Ames, and brought an action to recover his loss without furnishing additional proofs, we should hesitate somewhat before holding that the objections to such first proofs were not waived by the failure to specify wherein they were defective.

The letter of September 24th, then, might have reasonably induced the plaintiff to stay proceedings in respect to perfecting his proofs until the agent should visit Waukesha. There is considerable testimony tending to show that it produced that effect. The agent did not visit Waukesha at all, but the local agent there frequently informed the plaintiff that he was expected there every week. We find nothing in the testimony from which the plaintiff could have inferred that the promised visit would not be made at some time during the fall and winter, until the letter of March 1st was received. And such inference could only be drawn from that letter by reason of its silence on the subject, and its manifestly hostile tone and spirit.

We conclude, therefore, that there was evidence from which the jury were warranted in finding (as we must assume they they did find), that by the acts and omissions of the authorized agent of the defendant, the plaintiff was delayed about five months in making his proofs of loss, and that by means thereof the time within which he might have commenced the action without being barred by the limitation contained in the policy, was extended to a time later than September 30th, 1868, the date of the commencement thereof.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.