41 321
94 121

### ROBERTS vs. THE CONTINENTAL INSURANCE COMPANY.

INSURANCE AGAINST FIRE: WAIVER: EVIDENCE. *(1) Waiver, by act of agent, of condition named in policy, as to additional insurance. (2) Evidence as to agent's knowledge.*

1. If the agent of an insurance company, empowered to take risks and issue policies, knows, when he issues a policy, that there is other insurance upon the property, his failure to write the company's consent thereto in the instrument will not defeat an action thereon, although the policy itself declares that it shall be void in case the assured "shall have or shall hereafter make any other insurance upon the property without the consent of the company written herein;" and also declares that "the use of general terms, or anything less than a distinct, specific agreement clearly expressed and indorsed upon the policy, shall not be construed as a waiver of any printed or written restriction therein."

2. The question of fact was, whether defendant's agents, when they issued the policy in suit for $1,200, knew that there was other insurance upon the property for $600; and there was conflicting evidence upon that question. It being stipulated that the value of the property when the policy was issued, was only $1,800, defendant's said agents, as witnesses in its behalf, were asked, 1. Whether there was any rule of the company which they followed in insuring property, in reference to the *amount* of insurance; and 2. Whether, assuming the value of the property in question to have been $1,800 and no more, with $600 already upon it, they would have put $1,200 more upon it. *Held*, that it was error to reject the evidence.

Roberts vs. The Continental Insurance Company.

APPEAL from the Circuit Court for *Winnebago* County.

Action upon a policy of insurance issued by the defendant, to recover for the loss by fire of a building in Oshkosh covered by the policy. It appears from the pleadings and proofs, that on June 27, 1870, the defendant issued a policy for $1,200 on such building, for three years, to one Lines, who then owned the building. On the 26th of May, 1872, Lines procured another three-years policy on the same building for $600, from the Phœnix Insurance Company. The consent of that company to $1,200 additional insurance was indorsed on the policy. On the 5th of May, 1873, Lines sold the building to the plaintiff, assigned to her the Phœnix policy, and went to the office of Gary & Harmon, the agents in Oshkosh of the defendant company, for the purpose of assigning to her the other policy, being that issued by the defendant. That policy had so nearly expired that the agents thought best to return the unearned premium and issue a new policy on the building. It was so done, and the policy in suit issued to the plaintiff. It bears date May 5, 1873, and by its terms the defendant company insured the plaintiff against loss of such building or damage thereto by fire, to the amount of $1,200, for three years from that date. Consent of the company to the insurance in the Phœnix is not written in the policy, but there is an indorsement thereon, placed there when the policy was issued, as follows: "Present cash value of the property $1,800; no other insurance." The insured building was totally destroyed by fire, April 28, 1875.

The following are the stipulations in the policy in suit, which are material to the determination of the case:

"If the assured shall have, or shall hereafter make, any other insurance upon the property hereby insured, or any part thereof, without the consent of the company written herein, then and in every such case this policy shall be void."
"The use of general terms, or anything less than a distinct, specific agreement clearly expressed and indorsed upon this

policy, shall not be construed as a waiver of any printed or written restriction therein." " It is mutually understood and agreed by and between the company and assured, that this policy is made and accepted upon and with reference to the foregoing terms and conditions."

On the trial, it was stipulated that the value of the building was $1,800. The question of fact litigated on the trial was, whether the agents of the defendants at Oshkosh by whom the policy in suit was issued, had notice, when they issued the same, of the existence of the Phœnix policy on the same building. On this question the testimony was conflicting. Further reference to it will be found in the opinion. The circuit judge instructed the jury that if the agents knew of the additional insurance in the Phœnix when they issued the policy in suit, the plaintiff was entitled to recover; otherwise not. Several instructions based upon a different view of the law of the case were prayed on behalf of the defendant, and refused.

The jury found for the plaintiff, and assessed her damages at the amount of the policy. A motion for a new trial was denied, and judgment entered pursuant to the verdict; and the defendant appealed.

For the appellant, briefs were filed by *Finch & Barber* as its attorneys, and *Finches, Lynde & Miller*, of counsel. The brief for the respondent is signed by *Felker & Weisbrod*. The cause was argued orally by *Charles Barber* for the appellant, and *C. W. Felker* for the respondent.

For the appellant it was argued, among other things, 1. That the court erred in rejecting the evidence offered to show the rule of the defendant company, observed by its agents at Oshkosh, in respect to the amount of risk which they take upon property. *Thurston v. Cornell*, 38 N. Y., 281; *Seymour v. Wilson*, 14 id., 567; *Sweet v. Tuttle*, id., 465; *Richmondville U. Sem. v. McDonald*, 34 id., 379; *Kerrains v. The People*, 60 id., 228; *Raynor v. Paige*, 2 Hun, 652; *Lewis v. Rogers*, 34 N. Y. Sup. Ct., 75; *Bank v. Kennedy*,

17 Wall., 19. 2. That a contract of insurance is governed by the same principles as other contracts (May on Ins., 3); that, in the absence of any fraud or mistake, the policy embodies the contract (*Jennings v. Insurance Co.*, 2 Denio, 75; *Chase v. Insurance Co.*, 20 N. Y., 52; *Foot v. Insurance Co.*, 61 id., 576); and that, in respect to the provision of the policy in question relating to other insurance, the parties ought to be held bound by their own contract in writing, perfectly plain and free from ambiguity, and so easily complied with that a failure to have the assent of the company indorsed upon the policy in the case of any additional insurance to which its consent is desired, is gross negligence on the part of the assured. Such a clause in the policy is a wise and necessary one, and ought to be enforced by the courts. *Carpenter v. Insurance Co.*, 16 Peters, 495; *S. C.*, 4 How. (U. S.), 185; *Forbes v. Insurance Co.*, 9 Cush., 471; *Barrett v. Insurance Co.*, 7 id., 175; *Lowell v. Insurance Co.*, 8 id., 129–133; *Pendar v. Insurance Co.*, 12 id., 471; *Conway Tool Co. v. Ins. Co.*, id., 144; *Hale v. Insurance Co.*, 6 Gray, 173; *Couch v. Insurance Co.*, 38 Conn., 184; *Owens v. Insurance Co.*, 56 N. Y., 565–570; *Rohrback v. Insurance Co.*, 62 id., 62; *Spitzer v. Insurance Co.*, 6 Duer, 7; *Foot v. Insurance Co., supra; Eureka Ins. Co. v. Robinson*, 56 Pa. St., 256; *Elliott v. Insurance Co.*, 66 id., 22; *Stark County M. Ins. Co. v. Hurd*, 19 Ohio, 176; *American Ins. Co. v. Gilbert*, 27 Mich., 429; *Security Ins. Co. v. Fay*, 22 id., 467; *Van Buren v. Insurance Co.*, 28 id., 398; *Healey v. Insurance Co.*, 5 Nev., 268. 3. That if the provisions of solemn written contracts are to be set aside at all in such cases, the courts ought at least to permit it only upon *clear and satisfactory proof* of the fact that the agent of the insurer knew of the other insurance — such proof as would justify a court of equity in reforming the instrument as for a mistake therein; and that in this case the verdict was against the clear preponderance of evidence.

For the respondent it was argued, 1. That an agent of an

insurance company authorized to take risks and issue policies may waive a condition in a policy issued by him. May on Ins., §§ 143–4, and cases cited in the notes; 13 Wall., 222, 233; *Hotchkiss v. Insurance Cos.*, 5 Hun, 91; *Planters' Mut. Ins. Co. v. Lyons*, 38 Tex., 253; *Winans v. Insurance Co.*, 38 Wis., 342, and cases cited by the court; *Mechler v. Insurance Co.*, id., 665; *Sherman v. Insurance Co.*, 39 id., 104. 2. That such waiver may be by express agreement in writing or parol, or it may be by the acts and conduct of the agent, and need not be founded on a new consideration. See the cases above cited, and also *Viele v. Insurance Co.*, 26 Iowa, 53–56; *Viall v. Insurance Co.*, 19 Barb., 446; *Beal v. Insurance Co.*, 16 Wis., 241; *North Berwick County v. Insurance Co.*, 52 Me., 336; *Rathbone v. Insurance Co.*, 31 Conn., 193; *Bevin v. Insurance Co.*, 23 id., 244; *New York Central Ins. Co. v. Insurance Co.*, 20 Barb., 468; *Goit v. Insurance Co.*, 25 id., 189; *Buckbee v. Insurance & Trust Co.*, 18 id., 541; *Liddle v. Insurance Co.*, 29 N. Y., 184; *Ames v. Insurance Co.*, 14 id., 253; *Boehen v. Insurance Co.*, 35 id., 131; *Frost v. Insurance Co.*, 5 Denio, 154; *Insurance Co. v. Slockbower*, 26 Pa. St., 199; *Wing v. Harvey*, 27 Eng. L. & E., 140. 3. That knowledge of the agent of a fact existing at the time insurance is effected, is knowledge of the insurers. May on Ins., § 371; *People's Ins. Co. v. Spencer*, 53 Pa. St., 353; *Sherman v. Insurance Co.*, 39 Wis., 104. 4. That facts material to the risk made known to the agent before the policy issued, are constructively known to the company, and cannot be set up to defeat a recovery on the policy. May on Ins., § 132, and cases cited in note 5; *Beal v. Insurance Co.*, 16 Wis., 241; *Kelley v. Insurance Co.*, 3 id., 254; *Ames v. Insurance Co.*, 14 N. Y., 253. 5. That in accordance with these principles, the company cannot defeat the policy by setting up the existence of other insurance upon the property, if the agent by whom the policy was issued knew of such other insurance and neglected to indorse upon the policy the consent

of his company thereto. May on Ins., §§ 370, 372, and cases cited in note 1 on p. 450; *Rowley v. Insurance Co.*, 36 N. Y., 550; *Wash. Ins. Co. v. Davison*, 30 Md., 91; *Peoria Ins. Co. v. Hall*, *Beal v. Insurance Co.*, *Mechler v. Insurance Co.*, and *Planters' Mut. Ins. Co. v. Lyons*, *supra*.

LYON, J.    I. The first question which claims consideration is, whether the fact (as found by the jury) that the agents of the defendant by whom the policy in suit was issued, had notice, when they issued the same, of the previous insurance of $600 in the Phœnix Company, is a waiver of the condition that the policy shall be void unless the consent of the defendant to such previous insurance be written in it.

This question was elaborately argued, and a long array of authorities cited by counsel on either side to support their respective views.    But it is unnecessary to comment on the cases; for the principle which must control the determination of the question is settled in this state by repeated adjudications of this court, by which we are bound.    Gary & Harmon were the general agents at Oshkosh of the defendant company, and as such issued to the plaintiff the policy in suit.    In *Miner v. The Phœnix Ins. Co.*, 27 Wis., 693, the doctrine was asserted and applied to that case, that such agents "may waive any of the written or printed conditions of the policy, and bind the company by such waiver; and that their representations or statements made, or promise, assurance or verbal consent given, to the assured at the time of issuing the policy, or when acting within the scope of their agency and with knowledge of the facts constituting the breach, will, if confided in and relied upon by the assured, who is himself innocent and makes no misrepresentation or intentionally conceals nothing, amount to such waiver and estop the company from taking advantage of the condition waived."    Many of the cases which sustain that doctrine are cited and commented upon by DIXON, C. J., in this opinion.    *Miner v. The Phœnix*

*Ins. Co.* has been followed, and the rule established by it applied, in the following cases: *Killips v. Putnam Ins. Co.*, 28 Wis., 472; *McBride v. Republic Ins. Co.*, 30 id., 562; *Devine v. Home Ins. Co.*, 32 id., 471; *Parker v. Amazon Ins. Co.*, 34 id., 363; *Webster v. Phœnix Ins. Co.*, 36 id., 67; *Wright v. Hartford Ins. Co.*, id., 522; *Winans v. Allemania Ins. Co.*, 38 id., 342; *Mechler v. Phœnix Ins. Co.*, id., 665; *Sherman v. Madison Mut. Ins. Co.*, 39 id., 104.

Unquestionably, the result of these decisions is, that if, when they issued the policy to the plaintiff, Gary & Harmon knew that there was another policy in the Phœnix Company on the same building, their failure to write the consent of the defendant thereto in the policy in suit will not defeat this action. By accepting the premium and issuing the policy with knowledge of the prior insurance, the defendant company is estopped to declare the policy void because its consent to such prior insurance is not written in the policy. See *Webster v. Phœnix Ins. Co., supra.*

It follows that the learned circuit judge gave the law of the case to the jury correctly.

II. The only other alleged errors which we find it necessary to consider relate to the rulings of the circuit judge on objections to the admission of certain testimony.

The question of fact as to whether Gary & Harmon knew of the insurance in the Phœnix Company when they issued the policy in suit, was the only one of importance litigated before the jury. The testimony upon it is conflicting. That of Mr. Lines, the grantor of the plaintiff, and of Mr. Roberts, her husband and agent, is to the effect that they informed Mr. Gary of the fact and showed him the Phœnix policy at the time or immediately before the policy was issued to the plaintiff. Mr. Gary, who issued the latter policy, denies knowledge of the existence of the Phœnix policy; and his clerk, who was present at the interview between Lines, Roberts and Gary, and who wrote the plaintiff's policy, testified

that he heard nothing said at that time about the Phœnix policy. Mr. Harmon also denies knowledge of its existence before the plaintiff's policy was issued. The report of Gary & Harmon of the transaction, called a daily report, written by the clerk and signed by Gary in the name of the firm, was read in evidence. This report was made and forwarded to the defendant on the day the policy was issued. It is therein stated that there is no additional insurance on the property insured.

The following questions were put to Mr. Gary on behalf of the defendant, and objections thereto were sustained by the court: "Q. Is there any rule as to the Continental that you follow, when you insure a piece of property, with reference to the amount of insurance? Q. Assuming the value of the property to have been to your knowledge $1,800, and no more, with $600 insurance already upon it, would you have put $1,200 more upon it?"

If the answers to the questions might have tended "in any reasonable degree to establish the probability or improbability of the fact in controversy," they should have been received. Per DAVIS, J., in *Ins. Co. v. Weide*, 11 Wall., 438. The rule which the agents followed in insuring property in the defendant company, in respect to the relative proportion between the value of the property and the risk, and what would have been their action in the present case on the hypotheses that the value of the insured building was $1,800, and that there was $600 insurance upon it, are, in a certain sense, parts of the *res gestœ*. The rule and the extent to which it controlled the actions of the agents were existing facts, intimately related to the main fact in controversy. Had the witness answered that in all such cases they limited the risk to two-thirds the value of the property, less any other insurance upon it, and that had they known of the Phœnix policy they would not have taken a risk for more than $600 upon the plaintiff's building, it seems to us that the testimony would tend to prove that the

agents had no knowledge of the Phœnix insurance when they took a risk of $1,200 on a building which they at the same time valued at $1,800. We think that such testimony would tend in a reasonable degree to establish the improbability of the disputed proposition of fact, to wit: that the agents had notice of the existence of the Phœnix policy. The testimony on that proposition was so nearly balanced that, had the rejected testimony been admitted, it might have changed the result. We think, therefore, that the offered testimony was material and relevant and should have been received. This view is sustained by some of the cases cited by the learned counsel for the defendant. See also 1 Greenl. on Ev., § 108.

Because of this error, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.