BLACK and another vs. THE WINNESHIEK INSURANCE COMPANY.

INSURANCE.   *Agreement to pay loss at a specified time, unless notice of contest given, suspends condition requiring suit to be brought within a limited time.*

A fire insurance policy limited the right of action thereon to twelve months after a loss. A loss occurred October 17, 1869, and on the 6th of November following, the parties entered into an agreement, by which the assured was to accept a certain amount (less than what he claimed to be due by the terms of the policy), and the company promised to pay that amount on the 6th of February, 1870, unless it should notify the assured before that time of its intention to contest its liability for the loss. No such notification having been given, nor the amount agreed upon paid, the assured brought this action November 7, 1870. *Held*, that even if plaintiffs could not recover on the agreement aforesaid, they might still maintain an action on the policy; and the time between November 6, 1869, and February 6, 1870, must be excluded from the period of limitation. *Killips v. Insurance Co.* (28 Wis., 472), approved and followed.

APPEAL from the Circuit Court for *Green Lake* County.

Action upon an insurance policy, to recover the amount of loss as adjusted and agreed upon between the company and the assured.   The complaint alleges the issuing of the policy; the occurrence of a loss, to the amount of $600, on the 17th of October, 1869; the adjustment of the loss between the assured and the adjusting agent of the company, on the 6th of November, 1869, at the sum of $450; and a written agreement then entered into between them, whereby the company promised to pay that sum on the 6th of February, 1870, unless they previously notified the assured of their intention to contest their liability under the policy; that no such notice had been given by the company; and that since such adjustment, the claim has been assigned to the plaintiffs.

The answer merely sets up an express provision of the policy, that "no suit should be sustainable on the policy, un-

Black and another vs. Winneshiek Insurance Company.

less commenced with twelve months next after the loss " claimed for, and alleges that this action was not commenced within one year after the loss occurred.

Judgment for the plaintiffs, on the complaint and answer; and defendant appealed.

*Ryan & Kimball*, for appellant, argued, that the agreement alleged was nothing more than the ordinary adjustment provided for in insurance policies, and by it the company waived nothing save the right to deny the amount agreed upon as the loss. 2. The complaint is not upon the agreement, but upon the policy. The agreement, by itself, was without a consideration, and could not exclude or take precedence of the policy. It expressly recognized the right of the company thereafter to contest its liability " under the policy," and the failure to give notice only rendered the liability of the company an absolute cause of action, to which, so long as that right existed, the company could make no defense. 3. The limitation clause of the policy is valid. *Killips v. Putnam Ins. Co.*, 28 Wis., 472. The limitation began to run when the fire occurred, according to the intention of the parties and the obvious meaning of the language of the condition. *Ames v. N. Y. Union Ins. Co.*, 14 N. Y., 254; *Ripley v. Ætna Ins. Co.*, 30 id., 136; *The Mayor, etc., v. Hamilton Ins. Co.*, 39 id., 47.

*Geo. D. Waring*, for respondents:

1. The answer contained no defense. The provision in the policy limiting actions thereon is contrary to public policy and void. *Eagle Ins. Co. v. La Fayette Ins. Co.*, 9 Ind., 443; *French vs. Same*, 5 McLean, 461. Individuals cannot waive the statute and make a law for the particular case. *Maxwell v. Reed*, 7 Wis., 582. 2. If the limitation be valid, its reasonable and proper construction gave the assured twelve months from the time when the right of action accrued, in which to bring suit. In this case that right was postponed by agreement of parties until the 6th day of February, 1870, and the limitation was

thereby waived.    3. The action is founded, not upon the policy and the fact of the loss, but upon this agreement.

COLE, J.    This is an action upon a policy of insurance.    The only defense set up and relied on in the answer is, that the action was not brought within twelve months after the loss occurred, according to the terms of the policy.    It appears that the loss occurred on the 17th of October, 1869, and that the complaint was served on the 7th of November, 1870.    It is stated in the complaint, and not in any way controverted, that the amount of loss sustained by the fire was adjusted between the assured and the company on the 6th of November, 1869, when the parties entered into an agreement in writing by which the assured agreed to accept the amount adjusted and determined in full payment of his loss, and the company promised to pay. that amount on the 6th of February, 1870, unless the assured should be notified by the company before that time, either personally or by letter, of its intention to contest its liability under the policy for the loss.    The company gave no notice of any kind of its intention to contest its liability upon the policy.    Excluding from the computation the period from November 6, 1869, to February 6, 1870, it is apparent that the action was brought within the limitation specified in the policy. And the question is, should not that time be excluded in the computation?    We are very clear in the opinion that it should be.

On the adjustment of the loss, the company agreed to pay, and the assured agreed to receive, three fourths of the amount insured, on the 6th of February, 1870, unless it notified the assured of its intention to contest its liability.    I cannot see why this was not a valid agreement, made upon a sufficient consideration.    But, suppose it was not.    Every principle of honesty and fair dealing requires that the limitation should not run during the time mentioned in the agreement, in as much as the company failed to notify the assured that it intended to contest

its liability upon the policy. He had a right to assume that the company would either pay the amount adjusted and agreed to be paid on the 6th of February, or notify him that it did not intend to pay, and that he would be driven to his legal remedy. And this time during which he was induced by the act of the company to delay bringing suit, should not be considered any part of the twelve months to which his action was limited. This point was so decided in the case of *Killips v. Putnam Fire Insurance Co.*, 28 Wis., 472; and the decision rests upon the clearest and firmest principles of law and morality. It was there said by Mr. Justice LYON, that the time lost by the plaintiff, without any fault on his part but through the fault of the defendant, should be added to the time within which the parties in the first instance contracted that the action should be commenced, and that the plaintiff is not barred until such additional time has expired. That case is decisive of the one before us.

*By the Court.*— The judgment of the circuit court is affirmed.