GEORGE T. CHAMBERS AND ANOTHER v. THE ATLAS INSURANCE COMPANY.

A policy of fire insurance provided that payment for losses should be due in sixty days after proofs of the loss were received by the company, and that no suit on the policy should be sustainable unless brought within twelve months after the loss occurred. Held that the twelve months should be reckoned from the day of the fire, and not from the expiration of the sixty days after the proofs were delivered to the company.

Such a limitation of suits to be brought on a policy is valid.

[Argued May 1st—decided May 18th, 1883.]

ACTION on a policy of fire insurance; brought to the Superior Court in Hartford County. Complaint demurred to, and held by the court (*Andrews, J.,*) insufficient, and judgment rendered for the defendants. Appeal by the plaintiff. The case is sufficiently stated in the opinion.

*E. B. Bennett,* for the appellants, cited *Hay* v. *Star Ins. Co.,* 77 N. York, 242; *Steen* v. *Niagara Ins. Co.,* 89 id., 320; *Chandler* v. *St. Paul Ins. Co.,* 21 Minn., 88; *Westchester Ins. Co.* v. *Dodge,* 44 Mich., 423; *Killips* v. *Putnam Ins. Co.,* 28 Wis., 484; *Black* v. *Winneshiek Ins. Co.,* 31 id., 74; *Stout* v. *City Fire Ins. Co.,* 12 Iowa, 385; *Barber* v. *Wheeling Ins. Co.,* 16 W. Va., 658; *Levy* v. *Virginia Fire Ins. Co.,* 9 Ins. Law Jour., 113.

*C. J. Cole*, for the appellee.

PARDEE, J.  The plaintiffs took from the defendant a policy of insurance against loss by fire, to be in force from January 1st to December 31st, 1881.  On September 1st of that year the property covered by it was injured by fire. The plaintiffs instituted this suit for the recovery of damages.  The defendant demurred and had judgment; the plaintiffs appeal.

The policy contains the following provisions:—"Payment of losses shall be due in sixty days after the proofs required by this company shall have been received at this office, and the loss shall have been satisfactorily ascertained and proved as required by the foregoing provisions of this policy.  It is furthermore hereby expressly provided that no suit or action of any kind against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court, unless such suit or action shall be commenced within the term of twelve months next after any loss or damage shall occur; and in case any such suit or action shall be commenced against this company after the expiration of twelve months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced.  *   * This policy is made and accepted upon the above express conditions; no part thereof can be waived except in writing signed by the secretary."

Proof of loss was made on September 14th, 1881.  This suit was instituted on November 11th, 1882.  It is the claim of the plaintiffs that they may institute their suit within the twelve months next after the expiration of sixty days from proof of loss, that is, next after November 14th, 1881.  It is the claim of the defendant that they must institute it within the twelve months next after the fire.

This limitation is lawful and reasonable.  In words in common use and of plain meaning an event is referred to as a starting point; that is, the destruction of, or injury to,

the plaintiffs' property by fire. It is certain that they intended to surrender a very large portion of the time allowed them by the law; and there is nothing either in the structure or subject-matter of the contract indicating their unwillingness to make the day of that occurrence the point of departure, and to agree that the period of twelve months therefrom should cover the making of the proofs, the sixty days of grace to the defendant, and the institution of a suit.

The contract keeps the day upon which a fire shall occur entirely distinct from the day upon which the right to sue for indemnity accrues; each is described in plain and appropriate language. We find no reason for the assumption that when the first is mentioned the last is intended; and it is not for us, by construction, to give the plaintiffs what they failed to secure by agreement.

There is no error in the judgment complained of.

In this opinion the other judges concurred.