ELLIS v. THE COUNCIL BLUFFS INSURANCE COMPANY.

| | |
|---|---|
| 64 | 507 |
| 79 | 762 |
| 64 | 507 |
| 103 | 310 |
| 64 | 507 |
| 112 | 500 |
| 64 | 507 |
| 115 | 487 |
| 64 | 507 |
| 137 | 495 |
| 137 | 502 |
| 64 | 507 |
| 139 | 374 |
| f140 | 245 |
| 142 | 205 |

1. **Insurance**: CONSTRUCTION OF POLICY: LIMITATION OF TIME OF BRINGING SUIT. In determining the intention which the parties in a written contract have expressed in a particular clause thereof, it is often necessary to consider other portions of the writing; and so, in this case, where a policy of insurance provided that no suit thereon should be sustainable in any court of law, unless commenced within six months after the loss should occur, but it was elsewhere provided in the policy that the company would pay any loss that might occur sixty days after due notice and proofs of the same, made by the assured and received at the home office, *held* that the six months did not begin to run until the lapse of sixty days after the proofs of loss were furnished.

2. ———: FRAUD IN APPLICATION: EVIDENCE. Under section 2, chapter 211, Acts of Eighteenth General Assembly, it is incompetent, in defense to an action upon a policy of insurance, to plead or prove statements made by the assured in his application, where such statements are not reduced to writing, and a copy thereof attached to or indorsed upon the policy.

3. ———: ———: NOT AVAILABLE AGAINST ASSIGNEE. Although the assured may have made statements in his application, which, by the terms of the policy, would defeat a recovery thereon by him, yet, where the insured property is sold and the policy assigned to another, and the company assents to such assignment, a new contract arises, which is not affected by the fraud of the party originally insured.

4. **Practice in Supreme Court**: ERROR ASSIGNED BUT NOT ARGUED. Errors assigned but not argued are deemed to be waived, and will not be considered.

*Appeal from Appanoose Circuit Court.*

THURSDAY, OCTOBER 9.

ACTION on a policy of insurance against loss and damage by fire. There was a verdict and judgment for plaintiff in the circuit court, and defendant appeals.

*W. G. Clark* and *George D. Porter*, for appellant.

*Tannehill & Fee*, for appellee.

REED, J.—The policy covered the furniture and fixtures in a building occupied as a store. It was issued to E. R. Ellis,

but before the loss he sold the insured property to plaintiff, and assigned the policy to him, such assignment being consented to by defendant. The matters of defense pleaded by defendant, are: *First*, That the action is barred by a provision in the policy, that no suit should be maintained on the policy unless commenced within six months next after the occurrence of the loss, this suit having been instituted more than six months after the loss complained of occurred. *Second*, That when the policy was issued the property was covered by a chattel mortgage, given by said E. R. Ellis to one Buckmaster, to secure a debt which he was owing him, which fact was unknown to defendant when it took the risk, and also when it consented to the assignment of the policy to plaintiff, and that said E. R. Ellis fraudulently concealed the fact of the existence of said mortgage from it; and, *Third*, That plaintiff, after he purchased the property, but before the assignment of the policy was consented to by it, mortgaged the property to one Bradley, and that it had no knowledge of the existence of this mortgage when it consented to the assignment.

I. The loss occurred on the twenty-sixth of December, 1881, and the suit was commenced on the fourth of August, 1882. The provision of the policy relied on by defendant as creating a bar to the action is as follows: "It is hereby expressly provided and mutually agreed that no suit or action upon this policy shall be sustainable in any court of law * * * unless such suit or action shall be commenced within six months next after the loss shall occur; and should any suit or action be commenced against this company after the expiration of the aforesaid six months, the lapse of time shall be deemed as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding."

Another provision of the policy is, that the company will pay any loss that may occur "sixty days after due notice and

*1. INSURANCE: construction of policy: limitation of time of bringing suit.*

proofs of the same shall have been made by the assured and received at the home office."

The circuit court ruled that the limitation created by the first provision quoted began to run from the time a right of action accrued to plaintiff on account of the loss, and that such right of action did not accrue until the expiration of sixty days from the time the proofs of loss were furnished. Defendant assigns this ruling as error, and its position is that, by the express terms of the provision relied on, the period of limitation begins to run from the date of the loss. If the provision is to be interpreted solely with reference to the language in which it is expressed, the construction contended for by defendant is certainly the correct one. But in determining the intention which the parties to a written contract have expressed in a particular clause thereof, it often becomes necessary to go beyond the mere words of the provision, and consider the preceding and subsequent clauses of the instrument, and gather from them the objects and purposes which the parties intended by the instrument as a whole; and, when their purposes and objects are ascertained, the language of the clause in question should be interpreted with reference to them. Applying this familiar rule of construction to the clause of the policy in question, we are of opinion that the interpretation placed upon it by the circuit court is correct.

The other provision of the policy, quoted above, requires the assured to give notice of the loss and make proof thereof, and defendant's undertaking is to pay sixty days after this notice and proof are received at its home office. By another provision of the policy it is provided that in case differences shall arise between the parties touching any loss or damage, the matter shall, at the written request of either party, be submitted to arbitrators, whose award in writing shall be binding on the parties as to the amount of the loss or damage, but who shall have no power to determine the liability of the company under the policy. And it is provided that, in cases

where an award is demanded, no action shall be maintained on the policy in any court of law until such award is obtained. Now, it is apparent that, if the literal construction of the provision in question contended for by defendant obtains, it might frequently happen that the right of action would be barred by it before such right had accrued to the assured under the other provision. It is very clear that the parties never intended that such a result should be accomplished. The construction put upon the claim by the circuit court is not only reasonable, but is well sustained by the authorities. See Wood on Insurance § 443; *Mayor of New York v. Hamilton Ins. Co.*, 39 N. Y., 45; *Hay v. Star Fire Ins. Co.*, 77 N. Y., 235; *Arthur v. Homestead Ins. Co.*, 78 N. Y., 462; *Killips v. Putnam Ins. Co.*, 28 Wis., 472; *Spare v. Home Mut. Ins. Co.*, 9 Sawyer, 142.

It is also consistent with the former holdings of this court. See *Stout v. Ins. Co.*, 12 Iowa, 384, and *Longhurst v. Star Ins. Co.*, 19 Id., 364, where it is held that when the interest insured, a mechanic's lien, was of such a character as that a proceeding in court was necessary to determine its extent and value, the period of limitation created by a provision of the policy—similar to the one in question—did not begin to run until the termination of such proceedings.

II.　It was proved on the trial that the insured property, when the policy was issued, was covered by a chattel mortgage, executed by E. R. Ellis, to secure a debt which he was owing Buckmaster. It was also proved that the policy was issued on a parol application. Defendant called as a witness the agent who issued the policy, and offered to prove by him that E. R. Ellis, when he applied for the insurance, represented that he was the sole owner of the property, and that it was unincumbered. But this evidence was excluded on plaintiff's objection. This ruling is assigned as error. We think it was correct, on two grounds: (1) The alleged false representation was not endorsed on the policy, and, under the stat-

2. ——:
fraud in application:
evidence.

ute, (Sec. 2, Chap. 211, Acts Eighteenth General Assembly,) defendant was precluded from pleading or proving it in defense. (2) As plaintiff had purchased the insured property, and defendant had consented to the assignment of the policy to him, it became a new contract between plaintiff and the company, and this new contract would not be affected by the acts of E. R. Ellis. Wood on Insurance, section 342; *Foster v. Ins. Co.*, 2 Gray, 216.

3. ——: ——:
not available
against as-
signee.

III. It was proven that plaintiff, after he purchased the property, but before the policy was assigned to him, mortgaged it to one Bradley. The court instructed the jury that, "unless plaintiff was the sole owner of the property at the time said policy was assigned to him, he cannot recover. But the fact that said property may have been mortgaged at that time would not prevent plaintiff being the sole owner thereof within the meaning of the law." Error is assigned on the giving of this instruction, but the assignment is not argued by counsel, and under our rules we do not consider it. The judgment of the circuit court will be

4. PRACTICE
in supreme
court: errors
assigned but
not argued.

AFFIRMED.