German Ins. Co. v. Fairbank.

---

GERMAN INS. CO. v. LOREN FAIRBANK.

[FILED SEPTEMBER 15, 1891.]

1. **Fire Insurance:** BLANKET POLICY: BREACH OF CONDITIONS AS TO PART. Where an insurance policy covers a dwelling and different classes of personal property, describing them separately, and specifies distinct and separate amounts on the dwelling and each kind of personalty, the execution of a mortgage on the real

es·ate, in violation of a condition against subsequent incum-
brances on any of the property insured is no defense to an ac-
tion for the loss of the personalty.

2. ———: ———: ———.    When a policy is taken out on different
classes of personal property for separate and distinct amounts, the
violation of a condition of the policy against incumbrances by
the execution of a chattel mortgage, on one class of property, will
not preclude a recovery upon the policy, for the destruction of
the property of another kind not incumbered.

3. ———: ACTION: LIMITATION CLAUSE.   Where a policy of insur-
ance requires proof to be furnished within thirty days and the
action to be commenced within six months after the loss, and it
is further provided that the company will pay the loss ninety
days after the notice and due and satisfactory proofs of the same
shall have been made by the assured and received at the com-
pany's home office, *held*, that the cause of action did not accrue
before the expiration of ninety days after proofs of loss are re-
ceived; and an action brought on the policy within six months
from that time is not barred.

4. ———: PROOF OF LOSS.    In an action upon a policy which pro-
vides that the insured should furnish proofs of loss within a
specified time after the loss occurred, it is necessary for the plaint-
iff to prove upon the trial that the proofs were made, or that
the same were waived by the company.

ERROR to the district court for Adams county.  Tried
below before GASLIN, J.

*Jas. R. Wash*, and *Adams, Lansing & Scott*, for plaint-
iff in error, cited: *Cleaver v. Ins. Co.*, 65 Mich., 527;
*Stevens v. Ins. Co.*, 83 Ky., 7; *Mallory v. Ins. Co.*, 65 Ia.,
450; *McGowan v. Ins. Co.*, 41 Am. Rep. [Vt.], 843; *Ger.
Am. Bank v. Ins. Co.*, 8 Mo. App., 401; *Barnes v. Ins.
Co.*, 51 Me., 110; *Dix v. Ins. Co.*, 22 Ill., 272; *Plath v.
Ins. Co.*, 23 Minn., 479, and cases; *Edmonds v. Ins. Co.*,
1 Allen [Mass.], 311; *Abbott v. Ins. Co.*, 30 Me., 414;
*Hicks v. Ins. Co.*, 32 N. W. Rep. [Ia.], 201; *Cuthberson
v. Ins. Co.*, 2 S. E. Rep. [N. Car.], 258; *Nedrow v. Ins.
Co.*, 43 Ia., 24; *Garver v. Ins. Co.*, 28 N. W. Rep. [Ia.],
555; *Ellis v. Ins. Co.*, 16 Id., 744; *Com. As. Co. v. Hock-*

*ing*, 2 Am. St. Rep. [Pa.], 571; *Keystone Ben. Ass'n v. Norris*, Id., 572; *Va. Ins. Co. v. Wells*, 17 Ins. Law Jour. [Va.], 26; *Cornett v. Ins. Co.*, 25 N. W. Rep. [Ia.], 673; *Phenix Ins. Co. v. Willis*, 8 Am. St. Rep. [Tex.], 566; *Livesey v. Omaha Hotel*, 5 Neb., 64; *Suggs v. Ins. Co.*, 9 S. W. Rep. [Tex.], 676; *Vette v. Ins. Co.*, 30 Fed. Rep. [Wis.], 352; *Ins. Co. v. Brim*, 12 N. E. Rep. [Ind.], 315.

*Chas. Kilburn*, and *Chas. H. Tanner*, *contra*, filed no brief.

NORVAL, J.

This is a suit upon a policy of insurance against loss or damage by fire, lightning, tornado, and wind storms, to recover for the loss of a cow covered by the policy. There was judgment in the court below for the plaintiff, in the sum of $32.50 and costs.

The case, as made by the plaintiffs, was that on the 12th day of January, 1888, the cow was violently blown upon a barbed wire fence and killed. There is no conflict in the evidence, either as to the manner of the loss, or the amount of the damages. The insurance company contends that the plaintiff cannot recover because he has violated certain stipulations of the policy.

The policy was for the amount of $1,150, of which $450 was on dwelling, household furniture, beds and bedding, wearing apparel, and sewing machine; $300 was on horses and cattle, not exceeding $100 on any one horse, and not exceeding $30 on any one cow; and the balance of the risk was upon other personalty.

The policy upon which the action was brought provides among other things that "If there is or shall be other prior, concurrent, or subsequent insurance (whether valid or not) on said property, or any part thereof, without the company's consent hereon, or if said buildings or either of them is or shall become vacant or unoccupied, or if the

hazard shall be increased in any way, or if the property or any part thereof shall be sold, conveyed, incumbered by mortgage or otherwise, or any change takes place in the title, use, occupation, or possession thereof whatever; or if any foreclosure proceedings shall be commenced; or if the interest of the insured in said property, or any part thereof, now is or shall become any other or less than a perfect legal title and ownership, free from all liens whatever, except as stated in writing hereon; or if the buildings or either of them stand on leased ground or land, of which the assured has not a perfect title; or if this policy shall be assigned without the written consent hereon, then and in every such case this policy shall be absolutely void."

One of the defenses presented by the answer is that the insured, in violation of the above condition of the policy, after the same was issued, but before the loss, and without the knowledge and consent of the company, executed and delivered two mortgages upon the farm, on which is situated the dwelling covered by the policy. On the trial the plaintiff in error offered these mortgages in evidence, which were excluded by the court. This ruling is assigned as error.

The precise question here presented was before the court in *State Ins. Co. v. Schreck*, 27 Neb., 527. It was there held that where an insurance policy covers a dwelling and various classes of personal property, describing them separately, and specifies different and separate amounts on the dwelling and each kind of personalty, the execution of a mortgage on the real estate, in violation of a condition against subsequent incumbrances on any of the property insured, is no defense to an action for the loss of the personalty not incumbered. The authorities cited in the brief of the defendant in error in that case, sustained the same doctrine. We are satisfied with the reasoning of the opinion, and the decision is adhered to.

The policy having specified separate and distinct

amounts upon the different subjects of insurance, the contract is severable, and a breach of a condition of the policy against incumbrances could only affect that class of property which was covered by the incumbrance. The execution of the mortgages upon the lands therefore only avoided the policy so far as it covered the buildings, and did not in any manner affect the insurance upon the cattle.

The plaintiff in error, for the purpose of showing that the insured had violated the above provisions of the policy offered in evidence a chattel mortgage executed on January 18, 1887, by the defendant in error to P. H. Passey, administrator, covering several head of horses. The mortgage was ruled out by the court, and an exception was taken by the plaintiff in error. There is no claim that there had ever been any incumbrance during the life of the policy, upon the cow that was killed, or upon any of the cattle owned by the insured. The ruling of the trial court is within the decision in *State Ins. Co. v. Schreck, supra*. The policy in that case, like the one before us, was not upon specific personal property. There some of the personalty insured had been mortgaged subsequent to the execution of the policy. Chief Justice REESE in the opinion says: " Had the contract of insurance been upon specific personal property, it is possible that the defense presented would have been available. However, that question is not before us; but we are quite clear that the transfer of the legal title to the insured property, either by mortgage or sale, would avoid the policy so far only as that particular property was concerned, during the time of the existence of the title in the purchaser or mortgagee, and to that extent only could the sale or mortgaging of the property under the provisions of this policy be a successful defense."

No specific stock is described in the contract, but it simply specifies $300 on horses and cattle, limiting the amount on each animal. By the terms of the policy, if the loss on

cattle equaled $300, it is perfectly clear that the insured would have been entitled to recover that sum. Had he sold the horses it would not have affected the insurance on the cattle. The fact that they were incumbered did not affect or render less valuable the title of the insured in the cattle, nor was the risk on the cattle thereby increased. It cannot be successfully claimed that the hazard of wind storms was increased by the incumbrance of the property. There was no error committed in refusing to allow the chattel mortgage to be received in evidence.

There is another reason why the chattel mortgage was properly excluded. The answer alleges that the insured executed a mortgage "on January 18, 1887, to P. H. Passey for the sum of $250." The chattel mortgage offered in evidence was made by Warren Fairbanks and Loren Fairbanks to P. H. Passey, as administrator, and not to him in his individual capacity, as alleged in the answer. There was, therefore, a variance between the allegations and the instrument offered, both as to the name of the mortgagor and mortgagee. The proofs must correspond with the issues made by the pleadings.

It is insisted that the action is barred by the terms of the policy. It contains this provision: "It is mutually agreed that no suit or action against this company upon this policy shall be sustained in any court of law or equity, unless commenced within six months after the loss or damage shall occur, and if any suit or action shall be commenced after the expiration of said six months the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

The petition alleges, and the proofs show, that the loss occurred January 12, 1888. The suit was begun before the justice of the peace September 27, 1888, or eight months and a half after the cow was killed. If the condition of the policy above quoted stood alone, and was within the

contemplation of the parties when the contract was entered into, then, doubtless, the failure of the plaintiff to commence his action within six months after the loss would operate as a bar to the action. But a contract of insurance, like all other contracts, must be construed so as to give effect, if possible, to all its provisions. This policy provides that written notice of the loss or damage must be immediately given, and within thirty days the claimant must furnish proofs thereof. It is also stipulated that "the amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid ninety days after notice and due and satisfactory proofs of the same shall have been made by the assured and received at the company's home office at Freeport, Illinois."

It will be observed that by the above condition of the policy the plaintiff in error did not become liable to pay the loss until ninety days after the making of the proofs of loss. The money was not due, and the holder of the policy could not have lawfully demanded payment until that time had elapsed. No suit, therefore, could have been commenced prior to the expiration of ninety days after the loss, and it is well settled that the period of limitation will not commence to run until the cause of action accrues. The fair and reasonable interpretation of the provisions of the policy, when construed together, is that the limitation of six months did not begin to run from the date of loss, but from the time the suit could have been brought. It does not appear in evidence when the proofs were made, nor in fact that they were ever furnished; but as suit was instituted within six months from the time it could have been commenced, had proofs been made on the day the loss occurred, the action was not barred. This construction is well sustained by the authorities: *Ellis v. Council Bluffs Ins. Co.*, 64 Ia., 507; *Miller v. Hartford Ins. Co.*, 70 Id., 704; *McConnell v. Iowa Mutual Aid Ass'n*, 79 Id., 757;

*Matt v. Association*, 46 N. W. Rep. [Ia.], 857; *Hay v. Star Fire Ins. Co.*, 77 N. Y., 241; *Killips v. Putnam Ins. Co.*, 28 Wis., 472.

The remaining grounds for reversal is that there is no evidence that the plaintiff ever made proofs of loss. The petition alleges that they were furnished to the company, which allegation is denied by the answer. No testimony was produced on the trial by either party on that branch of the case. Quite likely the omission was an oversight on the part of the plaintiff. The policy requires that proofs be made within thirty days after the loss, and it was incumbent upon the plaintiff to establish on the trial that this stipulation was. complied with, or that the company waived the same. If the plaintiff relies upon a waiver of the provision, it should be pleaded.

For the failure to prove on the trial that proofs of loss were made, the judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.