HART, Appellant, vs. THE CITIZENS' INSURANCE COMPANY OF PITTSBURG, PENNSYLVANIA, Respondent.

*September 9 — September 26, 1893.*

*Insurance against fire: Limitation of action on policy.*

1. Where an insurance policy provides that no action thereon for the recovery of any claim shall be sustained " unless commenced within twelve months next after the *fire,*" the time limited begins to run from the date of the fire, and not from the time when the liability is fixed and the right of action accrues.
2. Such a provision is not within the meaning of sec. 1975, R. S., which forbids the insertion in any policy of any provision " that no action or suit shall be brought thereon."

APPEAL from the Circuit Court for *Douglas* County.

Action upon a policy of insurance against fire. The facts are stated in the opinion. The plaintiff appeals from a judgment in favor of the defendant.

For the appellant there was a brief by *Reed, Grace, Rock & Reed,* and oral argument by *H. H. Grace.*

*J. B. Douglas,* for the respondent.

WINSLOW, J. The action is upon a policy of insurance issued by defendant, November 11, 1890, upon plaintiff's dwelling-house. There is no dispute as to the facts. The house was burned March 5, 1891. Proofs of loss were served May 1, 1891, being within the time required by the policy. The defendant refused payment May 9, 1891, and plaintiff commenced this action May 3, 1892, nearly fourteen months after the fire.

The policy contained provisions requiring immediate notice of loss, proofs within sixty days after the fire, examination of the assured under oath if desired, and appraisal in case of disagreement as to amount of loss; also the following: "This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required. No suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

It was held by the circuit court that the action was barred because not commenced within twelve months next after the date of the fire, and plaintiff appeals.

It is well settled that a clause in a contract limiting the time within which an action may be commenced thereon to a time shorter than that allowed by the statute of limitations is valid. The question here is whether the expression "twelve months after the fire" means what it says, or something else. It is to be noticed that the parties here have not used the expression "after the loss occurs." Had this been the language used, it might reasonably be claimed, upon authority, that the "loss occurs," not at the date of the fire, but when the loss is ascertained and established and the right to bring an action exists. The decisions in favor of this doctrine are numerous. *Steen v. Niagara F. Ins. Co.* 89 N. Y. 315; *Spare v. Home Mut. Ins. Co.* 17 Fed. Rep. 568; *Chandler v. St. Paul F. & M. Ins. Co.* 21 Minn. 85; *Ellis v. Council Bluffs Ins. Co.* 64 Iowa, 507; *Miller v. Hartford F. Ins. Co.* 70 Iowa, 704; *German Ins. Co. v. Fairbank*, 32 Neb. 750; *Barber v. Fire & M. Ins. Co.* 16 W. Va. 658.

There are, however, many decisions to the contrary: *Chambers v. Atlas Ins. Co.* 51 Conn. 17; *Johnson v. Humboldt Ins. Co.* 91 Ill. 92; *Fullam v. New York Union Ins. Co.* 7 Gray, 61; *Glass v. Walker*, 66 Mo. 32; *Bradley v. Phœnix Ins. Co.* 28 Mo. App. 7; *Virginia F. & M. Ins. Co. v. Wells*, 83 Va. 736; *Peoria Sugar Refining Co. v. Canada F. & M. Ins. Co.* 12 Ont. App. 418; *Blair v. Sovereign Ins. Co.* 19 N. S. 372; *Travelers' Ins. Co. v. California Ins. Co.* 1 N. Dak. 151; *Schroeder v. Keystone Ins. Co.* 2 Phila. 286.

Other cases, bearing more or less directly on the question, might be cited upon either side of the proposition. It seems apparent that it can hardly be said that the great weight of authority is on either side. It is a case where there are two directly opposing lines of authorities, both very respectable in numbers and weight. It was claimed by appellant that this court had substantially approved of the

affirmative view of the proposition in *Killips v. Putnam F. Ins. Co.* 28 Wis. 472, and *Black v. Winneshiek Ins. Co.* 31 Wis. 74. Examination of these cases shows that this court expressly declined to pass upon this question. The principle laid down in them is simply that if the insurance company, by its acts, induces the insured to suspend his proceedings and delay action on the policy, the time elapsing during such delay so caused should not be reckoned as a part of the time limited for the bringing of the action. It is an application of the familiar principle of estoppel.

Doubtless the tendency of so many courts to construe the term "loss" as meaning the time when liability was fixed, induced many insurance companies to substitute the word "fire," as in the policy before us. It would seem as if the phrase "twelve months next after the fire" was susceptible of but one meaning; yet the courts have disagreed upon this question also. In the following cases it has been held that the word "fire" is to be construed as meaning, not the date of the fire, but the time when liability is fixed and an action accrues to the insured: *Friezen v. Allemania F. Ins. Co.* 30 Fed. Rep. 352; *Hong Sling v. Royal Ins. Co.* 7 Utah, 441; *Case v. Sun Ins. Co.* 83 Cal. 473.

On the other hand, the following cases hold that the limitation begins to run from the date of the fire: *Steel v. Phenix Ins. Co.* 47 Fed. Rep. 863; *State Ins. Co. v. Meesman,* 2 Wash. 459; *McElroy v. Continental Ins. Co.* 48 Kan. 200; *State Ins. Co. v. Stoffels,* 48 Kan. 205; *King v. Watertown Ins. Co.* 47 Hun, 1.

It is noticeable that all of the three cases above cited which hold that "fire" means the time when liability is fixed rely for authority upon the cases which construe the word "loss" as having such meaning. No attention seems to have been given to the fact that the word "fire" has been substituted for the word "loss." It is also noticeable that in the case of *Case v. Sun Ins. Co.* 83 Cal. 473, the facts

Hart vs. The Citizens' Ins. Co. of Pittsburg, Pa.

were that the insured was compelled to submit to examina-
tion by the company, and to produce books, bills, and in-
voices, and that he complied with these requirements as
rapidly as he was able, but was unable to fully comply there-
with until more than thirteen months after the fire, or a
month after the expiration of the time limited for bringing
suit. Here, certainly, was a clear case of estoppel. The
company, by its own acts, had postponed the time when a
cause of action accrued until after the limitation had run,
and should clearly be denied the right to rely upon the
limitation. See, to this effect, *Thompson v. Phenix Ins. Co.*
136 U. S. 287. The cases of *Friezen v. Allemania F. Ins.
Co.* 30 Fed. Rep. 352, and *Hong Sling v. Royal Ins. Co.* 7
Utah, 441, are, however, direct authorities to the effect that
"twelve months after the fire" means twelve months after
the liability is fixed. The argument in support of this view
is briefly that all clauses of the policy must be construed
together; that there are clauses which necessitate the mak-
ing of proofs, the submission of the assured to examination
if required, the production of books and papers, and the
submission of the question of the amount of loss to apprais-
ers, all of which things will consume time; and, further-
more, the loss not being payable until sixty days after the
amount is fixed, it may happen that more than twelve months
may elapse after the date of the fire before the company
can be sued; and thus the plaintiff's action may be cut off
entirely if a literal meaning is to be given to the words.
The deduction is that the parties cannot have meant what
they said in the clause under consideration, but must have
meant something else, which they did not say.

We cannot assent to this line of reasoning. It does vio-
lence to plain words. It smacks too strongly of making a
contract which the parties did not make. It construes
where there is no room for construction. Plain, unambigu-
ous words which can have but one meaning are not subject

to construction. " Twelve months next after the fire" has one certain meaning and but one. It can have no other. It may well be that the insurer may by his acts waive the limitation, or estop himself from insisting on it, as held in the cases of *Killips v. Putnam F. Ins. Co.* 28 Wis. 472, *Black v. Winneshiek Ins. Co.* 31 Wis. 74, and *Thompson v. Phenix Ins. Co.* 136 U. S. 287; but the invocation of this principle does no violence to the contract of the parties. There is no element of estoppel present here, however. The defendant company have done nothing which has induced the insured to suspend proceedings or delay his action. They notified him at once on the receipt of his proofs that they denied liability. They did not require him to do anything. He had nearly ten months in which to bring his suit. By failing to do so he must be held to be barred by his contract.

The provision of sec. 1975, R. S., to the effect that no insurance policy shall contain a provision that no action or suit shall be brought thereon, is not applicable, because the clause under consideration is plainly not such a provision.

*By the Court.*— Judgment affirmed.