Argued November 13; decided December 23, 1895.

## EGAN *v.* OAKLAND INSURANCE COMPANY.
[42 Pac. 990.]

LIMITATION OF ACTIONS — INSURANCE POLICY.— The time limited for the commencement of an action upon a policy of insurance, under a provision that no action on the policy shall be sustained until after full compliance by the insured with all the "foregoing" requirements, nor unless commenced within six months next after the fire, begins to run at the date of the fire, notwithstanding a provision that loss shall not be payable until sixty days after satisfactory proof of loss.

From Multnomah: E. D. SHATTUCK, Judge.

Action by B. F. Egan against the Oakland Home Insurance Company to recover the amount of a fire insurance policy issued to one Opsal. After the loss Opsal assigned his claim to plaintiff, who was defeated in the trial court and appeals.

AFFIRMED.

For appellant there was a brief by *Messrs. Charles H. Carey,* and *McDougal, Spencer and Jones,* with an oral argument by *Mr. Carey.*

For respondent there was a brief by *Messrs. Starr, Thomas and Chamberlain,* with an oral argument by *Mr. Warren E. Thomas.*

Opinion by MR. CHIEF JUSTICE BEAN.

The alleged liability of the defendant rests upon a fire insurance policy issued by it covering the property of the plaintiff's assignor, and the only question presented by the appeal is the proper construction of the following provisions thereof: "The loss shall not become due and payable until sixty days after satisfactory proof of the loss herein required has been received by this company, including an award by appraisers when appraisal has been required. * * * No suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within six months next after the fire shall have occurred." The fire occurred on August seventeenth, eighteen hundred and ninety-three, and this action was not commenced until March fifteenth, eighteen hundred and ninety-four, only two days short of seven months thereafter. There is no claim made that the delay was caused by the action or nonaction of the defendant company, or that it occurred by reason of any dispute or proceedings by arbitration concerning the amount of the loss, or that a reasonable time did not remain after the loss became due and payable in which to bring the action; but the simple question here presented is whether the time, as limited by the policy, commenced to run at the date of the fire, or at the time the loss was ascertained and became due and payable. It is admitted that the clause of

the policy limiting the time in which an action may be commenced thereon is valid and binding, but the contention for plaintiff is that, when construed in connection with the other provisions in the policy, and especially the one providing that the loss shall not become due and payable until sixty days after proof thereof has been furnished to the company, it shows an intention to give him six months after the right to sue accrued in which to bring the action.

At the outset it is important to observe that, under the wording of the clause in question, the six months begin to run from "the time the fire shall have occurred," and not from the time "the loss or damage shall have occurred," or "after the loss," or "after the loss or damage," as in most of the cases cited and relied upon by plaintiff. The latter phrases have been construed by some of the courts to mean that the limitation shall be computed from the time the amount of the loss is ascertained and payable, and the assured's right to bring an action accrues, and not from the time of the happening of the loss: *Steen* v. *Niagara Fire Insurance Company*, 89 N. Y. 315 (42 Am. Rep. 297); *Hay* v. *Star Fire Insurance Company*, 77 N. Y. 235–242 (33 Am. Rep. 607); *Sun Insurance Company* v. *Jones*, 54 Ark. 376 (15 S. W. 1034); *Barber* v. *Fire and Marine Insurance Company*, 16 W. Va. 658 (37 Am. Rep. 800); *Murdock* v. *Franklin Insurance Company*, 33 W. Va. 407 (7 L. R. A. 572, 10 S. E. 777); *Chandler* v. *St. Paul Fire Insurance Company*, 21 Minn. 85 (18 Am. Rep. 385); *Spare* v. *Home Mutual Insurance Company*, 17 Fed. 568; *Vette* v. *Clinton Fire Insurance Company*, 30 Fed. 668;

*German Insurance Company* v. *Fairbank*, 32 Neb. 750 (29 Am. St. Rep. 459, 49 N. W. 711); *Ellis* v. *Council Bluffs Insurance Company*, 64 Iowa, 507 (20 N. W. 782); *Miller* v. *Hartford Fire Insurance Company*, 70 Iowa, 707 (29 N. W. 411). But other courts of equal weight and respectability have construed such phrases to mean that the assured's right of action must be computed from the date of the happening of the loss, and not from the time the insurer is required to pay: *Travelers' Insurance Company* v. *California Insurance Company*, 1 N. D. 151 (8 L. R. A. 769, 45 N. W. 703); *Fullam* v. *New York Union Insurance Company*, 7 Gray, 61 (66 Am. Dec. 462); *Johnson* v. *Humboldt Insurance Company*, 91 Ill. 92 (33 Am. Rep. 47); *Chambers* v. *Atlas Insurance Company*, 51 Conn. 17 (50 Am. Rep. 1); *Glass* v. *Walker*, 66 Mo. 32; *Bradley* v. *Phœnix Insurance Company*, 28 Mo. App. 7; *Virginia Fire Insurance Company* v. *Wells*, 83 Va. 736 (3 S. E. 349); *Blanks* v. *Insurance Company*, 36 La. Ann. 599; *Lentz* v. *Insurance Company*, 96 Mich. 445 (55 N. W. 993); *Garido* v. *American Central Insurance Company*, 8 Pac. 512.

Other cases bearing more or less directly on the question could be cited on either side of the proposition, but reference is made to a sufficient number to show that it can hardly be said that the weight of authority is with either contention. The courts which hold that the limitation commences to run at the time the loss is ascertained and payable, and not from the date of the happening of the loss, do not agree as to the reasons for so deciding, but they seem generally to base their decisions upon the

ground that the limitation clause, when taken in connection with the stipulation in the policy giving the insurer a certain time after proofs of loss in which to pay, is inconsistent, ambiguous, and uncertain, and therefore should be construed more strongly in favor of the insured. But in the case before us there is, in our opinion, no room for construction. The stipulation. is plain and unambiguous, and susceptible of but one meaning, and, unless we are to disregard entirely the plain and obvious meaning of the language used, we must hold that the phrase, "next after the fire shall have occurred," means from the date of the fire, and not sixty days or some other time thereafter. It is undoubtedly true that an insurance policy, like other contracts, should be so construed as to effectuate the intention of the parties, and if any of its terms or conditions are ambiguous, they should be construed most strongly against the insurer; but the courts have no right by construction to disregard the plain provision of a contract as made by the parties, or to hold that it means one thing when it says another. Some of the courts which construe the phrase "after the loss" to mean after the loss is ascertained and the right to sue exists, proceed on the assumption that there is no material difference between such a phrase and "after the fire," and have construed it in the same way: *Steel* v. *Phœnix Insurance Company,* 51 Fed. 715 (2 C. C. A. 463); *Friezen* v. *Allemania Fire Insurance Company,* 30 Fed. 352; *Case* v. *Sun Insurance Company,* 83 Cal. 473 (8 L. R. A. 48, 23 Pac. 534); *Hong Sling* v. *Royal Insurance Company,*

8 Utah, 135 (30 Pac. 307). And the following cases, although construing life insurance policies, may be said to hold to the same effect: *McConnell* v. *Iowa Mutual Aid Association*, 79 Iowa, 757 (43 N. W. 188), *Matt* v. *Iowa Mutual Aid Association*, 81 Iowa, 135 (25 Am. St. Rep. 483, 46 N. W. 857); *Allibone* v. *Fidelity and Casualty Company* (Texas), 32 S. W. 569

But we cannot assent to the doctrine of these cases. It seems to us that if "after the loss" means sixty or any other number of days after the happening of the loss, there is a material difference in the two phrases. As so construed, the one fixes as the period at which the limitation shall commence the time the loss is ascertained and payable, and the other in distinct and unequivocal language the time of the fire, which is certainly a different event. In one of the leading cases holding the doctrine contended for by the plaintiff, (*Steen* v. *Niagara Fire Insurance Company*, 89 N. Y. 315, 42 Am. Rep. 297,) DANFORTH, J., says: "No doubt the appellant could have stipulated that the time of the fire should be looked to as the event, from the happening of which the limitation should run, but it would require distinct language to show that such was the intention of the parties. It is not used here. It is found in *Schroeder* v. *Keystone Insurance Company*, (2 Phila. 286,) one of the cases cited by the appellant." And in the subsequent case of *King* v. *Watertown Fire Insurance Company*, 47 Hun, 1, the Supreme Court of New York held that under a clause in an insurance policy providing that no action or suit shall be maintained unless "commenced within twelve

months next after the fire shall have occurred," the
limitation commenced to run from the date on
which the fire occurred, and not from the expira-
tion of the sixty days given the company in which
to make payment after the proofs of loss, and dis-
tinguished the case before it from the Steen case.
And Mr. Richards in his work on Insurance, (page
193,) in considering the effect of a clause in the
New York Standard Policy requiring suit or action
to be commenced "within twelve months next after
the fire," says: "The limit of one year for bringing
suit is valid, and must be observed, and under the
wording of this clause the twelve months begin to
run from the time of the fire and not from the time
of service of proofs of loss, which, under the former
wording of the policy, was held to be the effect of
it." This construction is, in our opinion, in accord-
ance with common sense, the plain meaning of the
language used, and is abundantly supported by au-
thority: *Hart* v. *Citizens' Insurance Company*, 86 Wis.
77 (21 L. R. A. 743, 56 N. W. 332, 39 Am. St. Rep.
877); *State Insurance Company* v. *Meesman*, 2 Wash.
459 (26 Am. St. Rep. 870, 27 Pac. 77); *Allemania
Insurance Company* v. *Little*, 20 Ill. App. 431; *Hock-
ing* v. *Insurance Company*, 130 Pa. St. 170 (18 Atl.
614); *Schroeder* v. *Keystone Insurance Company*, 2
Phila. 286; *King* v. *Watertown Fire Insurance Com-
pany*, 47 Hun, 1; *McElroy* v. *Continental Insurance
Company*, 48 Kan. 200 (29 Pac. 478); *Insurance Com-
pany* v. *Stoffels*, 48 Kan. 205 (29 Pac. 479); *McFar-
land* v. *Railway Officials' and Employés' Accident As-

29 OR.—27.

*sociation* (Wyo.), 27 L. R. A. 48, 38 Pac. 347; *Steel*
v. *Phœnix Insurance Company*, 47 Fed. 863.

The case principally relied upon by plaintiff as
supporting his position is *Steel* v. *Phœnix Insurance
Company*, 51 Fed. 715, (2 C. C. A. 463,) decided by
the Circuit Court of Appeals of the Ninth Circuit,
McKenna and Gilbert, circuit justices, and Hawley,
district judge, sitting. The action was originally
commenced in the Circuit Court of the United
States for the District of Oregon on a policy of in-
surance limiting the time for bringing the action to
twelve months "next after the date of the fire from
which such loss shall occur," (47 Fed. 863,) and on
appeal the decree of Judge DEADY was reversed,
McKENNA, circuit justice, dissenting, the court hold-
ing that there was no material difference between
"twelve months next after the fire" and "twelve
months after the loss," and that the limitation did
not commence to run until after the loss was ascer-
tained and became payable. On appeal to the Su-
preme Court of the United States this decision was
affirmed by an equally divided court, no opinions
being delivered: 154 U. S. 518 (14 Sup. Ct. 1153).
It can hardly be said, therefore, that the question is
a settled one in the federal courts. But we are dis-
posed to give to the circuit court of appeals all due
respect, and would be inclined to yield to its judg-
ment if in our opinion the question was less free
from doubt. The argument in support of the view
adopted by the majority is, briefly, that because, by
the terms of the policy, the company could not be
sued until certain conditions were complied with,

which would necessarily consume a part of the time limited, and furthermore, the loss not being payable until sixty days after the proofs thereof, it might happen, if the limitation clause should be construed according to its language, that the action would be barred before the right to sue actually accrued under other clauses in the policy, and therefore the parties cannot have meant what they expressly said. We cannot yield our assent to this line of reasoning. As said by the Supreme Court of Wisconsin in the case of *Hart* v. *Citizens' Insurance Company* 86 Wis. 77 (39 Am. St. Rep. 877, 21 L. R. A. 743, 56 N. W. 332): "It does violence to plain words. It smacks too strongly of making a contract which the parties did not make. It construes where there is no room for construction. Plain, unambiguous words, which can have but one meaning, are not subject to construction. 'Twelve months next after the fire' has one certain meaning, and but one. It can have no other. It may well be that the insurer may by his acts waive the limitation, or estop himself from insisting on it, but the invocation of this principle does no violence to the contract of the parties." If, acting in good faith and with reasonable diligence, the conditions precedent to a right of action cannot be completed by the insured so as to leave a reasonable time thereafter in which to sue, and this fact is made to appear by the pleadings and proof, the courts should declare the limitation inoperative or void, and not disregard the plain wording of the contract, or incorporate into it a provision which the parties

themselves did not see fit to insert. In our opinion, therefore, the court below committed no error in holding that the limitation commenced to run from the time the fire occurred, and not when the loss became due and payable, and the judgment is affirmed. AFFIRMED.