N. M. BAYLESS, Respondent, v. MERCHANTS' TOWN MUTUAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, April 4, 1904.

1. INSURANCE: Assignment: New Contract. Where by the consent of the insurer the assured transfers his policy to the purchaser of the insured property, the assignment becomes a new contract and is unaffected by the defaults of the original insured where the insurer suffers no injury by such defaults.

2. ———: ———: ———: Inventory. Where the loss occurred within thirty days after the assignment a stipulation of the policy that the insured should make an inventory of the goods within thirty days can not defeat a recovery.

3. ———: ———: Owner: Waiver. By the assignment the question of whether the original holder was the owner of the goods insured at the issuance of the policy is waived and the finding that he was the owner at the time of the transfer is supported by the evidence in the record.

Appeal from Gentry Circuit Court.—*Hon. Gallatin Craig*, Judge.

AFFIRMED.

*Fyke Bros.* and *Snider & Richardson* for appellant.

(1) No inventory of the stock insured was taken within twelve months prior to the issuance of the policy sued on, and none taken within thirty days thereafter as provided by the terms of that contract. No books showing a record of the business transacted were kept. This was a clear violation of the letter and spirit of the agreement and rendered the policy void. Crigler v. Ins. Co., 49 Mo. 11; Gibson v. Ins. Co., 82 Mo. 515; Fire Assn. v. Calham, 67 S. W. 153; Fire Assn. v. Masterson, 61 S. W. 962; Ins. Co. v. Dudley, 45 S. W. 539; Rines v. Fire Assn., 77 S. W. 424; Keet-Rountree D. G. Co. v. Ins. Co., 74 S. W. 469. (2) While plaintiff's statement was that he had no interest in the property insured prior to the policy's assignment to him, he detailed in evidence the steps by which he acquired title and the facts of the transactions between himself and Wilson and himself and Leonard. So that it was for the jury to say under proper instruction, asked by defendant, whether he held an interest therein with Leonard. If so, Leonard was not the unconditional and sole owner as provided he must be in the insurance agreement and the policy was thereby rendered void. Reithmueller v. Ins. Co., 20 Mo. App. 246; Barnard v. Ins. Co., 68 Mo. 127. (3) The policy being void in the hands of Leonard, his assignee took the same subject to all its infirmities then existing and acquired no greater rights thereunder than Leonard possessed at the time of assignment. Hoover v. Ins. Co., 93 Mo. App. 111; Ins. Co. v. Russell, 69 Pac. 345; Coos County v. Ins. Co., 102 U. S. —. (4) Even though plaintiff may have taken policy sued on, upon its assignment to him, cured of all

forfeitures standing against it on the hands of his assignor (which we dispute), it is shown by his own evidence that books of account showing a record of his business from that time were not kept or attempted to be kept and could not have been produced, in which respect he has clearly violated the terms of the policy and rendered same void. (5) The so-called inventory of stock taken October 25 is in no sense an inventory as contemplated by the court and compliance with that condition of the policy by which the assured agreed to take a complete itemized inventory of the stock insured, etc. Ins. Co. v. M. & H., 74 S. W. 792; R. M. & Co. v. Ins. Co., 48 S. W. 559; Assn. v. Colhum, 67 S. W. 153.

*Ed E. Aleshire* for respondent.

(1) The assignee of a policy of insurance can not be bound by the forfeiture of the assignor. Such assignee takes the policy wholly independent of such forfeitures, if any, and enters into a new contract and is only required to comply with conditions as he finds them. Plaintiff had, by his contract of insurance, thirty days from the date of the policy in which to have made the inventory, and he became the assignee October 25, 1902, and the fire occurred October 30, 1902, and hence, as to him, there was no forfeiture. Ellis v. Ins. Co., 64 Ia. 507; Ins. Co. v. Mumm, 120 Ind. 30; Shearman v. Ins. Co., 46 N. Y. 526; Hooper v. Ins. Co., 17 N. Y. 17; Stien v. Ins. Co., 89 N. Y. 316; Ins. Co. v. Hall, 93 Mich. 184; Ellis v. Ins. Co., 32 Fed. 646; Ostrander on Fire Insurance (2 Ed.), sec. 210. (2) Appellant's instruction covering the question of Leonard being the sole and unconditional owner of the property when the policy was issued was properly refused for several reasons. (3) Appellant's authorities have no application. There the policies became void by reason of vacancy and no assignee or third party intervened. As

to the insured the policy became void and the question decided was, could it be revived again by the insured?

BROADDUS, J.—The policy sued on was originally issued by defendant to W. G. Leonard on the twenty-second day of August, 1902, insuring a stock of merchandise at Alanthus, Missouri. On the twenty-fifth day of October, 1902, the said Leonard assigned said policy to plaintiff, who had become the owner of the property, on which day the agent of the defendant approved of said assignment. On the thirtieth day of October, following, a fire occurred which destroyed the whole property insured. The policy recites that if an inventory of the goods should not be taken within twelve months prior to its date, then one should be taken within thirty days thereafter; and for failure to take inventory, as thus specified, the policy would become void from that time. And it was also stipulated that the assured would keep a set of books which would plainly present a complete record of all business he has transacted, including all purchases, sales and shipments, for both cash and credit from the date of such inventory; and that for security, he would keep such inventory and books in a fire-proof safe.

Whereas, plaintiff does not concede that Leonard, the original policy holder, had taken no inventory of the merchandise from the date of the policy until he assigned it to plaintiff—as is contended by defendant—he does not rest his case upon a compliance by Leonard of the terms of the policy in that respect; he basing his right to recover upon the ground that when he took the assignment of the policy with the consent of the company it became a new contract and was not subject to forfeiture for any failure of the originally insured to comply with its terms.

In Ellis v. Ins. Co., 64 Iowa 507, the court held: "As plaintiff had purchased the insured property and defendant consented to the assignment of the policy to

him it became a new contract and unaffected by the acts of the original person insured." This principle is supported by the Continental Ins. Co. v. Munns, 120 Ind. 30; Shearman v. Ins. Co., 46 N. Y. 526; Ellis v. Ins. Co., 32 Fed. 646; Stien v. Ins. Co., 89 N. Y. 315.

The foregoing rule of law, we think, is both reasonable and just. The change in ownership of personal property is a matter of frequent occurrence and when insured it is customary for the seller to transfer to the purchaser his policy; and it would be a hard rule to hold such purchaser and transferee liable for the delinquences of the party originally insured. The contractual relationship between insurer and insured being terminated by the transfer of the policy and no longer binding as between them, and no injury having been suffered by the insurer on account of any violation of the terms of the policy by the original holder thereof, he ought not to be permitted to evade liability on that ground for any subsequent loss.

And the further defense that plaintiff failed to take an inventory and keep books is also unavailing as, under the terms of the policy, which is construed to be a new contract, he had thirty days after the assignment to take an inventory and commence keeping books, and as the fire occurred before the expiration of that time he was not in default in that respect.

And the contention that the court committed error in refusing defendant's instruction requiring the jury to find that Leonard was the sole and unconditional owner at the time the policy was originally issued or their verdict would be for the defendant, can not be sustained for the reason given that all forfeitures had been waived by reason of the transfer of the policy to the plaintiff. And as to whether the plaintiff, at the time of said transfer, was the owner of the goods, was submitted to the jury and they found that he was such owner. And there was ample testimony to sustain the finding. Cause affirmed. All concur.