Crew, J.
This case is one of a series of cases brought into this court by proceedings in error from the Superior Court of Cincinnati, and the question involved is, as to the liability of the defendant company for its proportionate amount of the loss and damage occasioned by fire to a certain stock of millinery goods the property of one Emily Appel, which stock, at the time of the fire, was insured in the defendant company. The facts of this case are hot different from those presented and decided by this court in the cases of the Fire Association of Philadelphia, and the several other insurance companies holding concurrent risks upon said property at the time of the fire, — which cases are reported in this volume at page ' 568; except, that the policy of insurance in the present case, issued by the defendant in error the Cooper Insurance Company, differs from the policies issued by the other companies, in that, it provides that no suit or action shall be brought thereon “unless commenced within six months next after the fire,”— whereas the limitation provided in each of the other policies is twelve months. All the questions raised or suggested in the present case were decided and disposed of in the cases above referred to, excepting only that of the construction and effect proper to be given to the clause of the policy herein sued on which provides that “No suit or action on this policy, for the recovery of any claim,, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing *58 months next after the fire.” We need, therefore, in the present case consider only this one question. No claim is made in this case either in the pleadings, in the briefs of counsel, or in oral argument, that the six-months limitation prescribed by the above clause of the policy in suit, is an unreasonable limitation. It would seem to be conceded by counsel for plaintiff in error that such limitation is valid and binding, but, they -contend that the time as limited by this clause of the policy commences to run, not from the date of the fire, but'from the time when, under other provisions and stipulations of the policy, the loss becomes due and payable. In other words it is their contention that this clause construed and considered in connection with the other provisions of the policy, especially the provisions requiring proof of loss, submission to arbitration, and the provision that the loss shall not become due and payable until sixty days after proof thereof has been furnished to the company, — contemplates a suspension of the limitation during the time required for the performance of these conditions, and shows it .to have been the intention to allow the assured six full months from and after the accrual of his cause of action within which to bring his suit. It must be admitted that the authorities are in sharp conflict upon this question and that cases are not wanting which support the claim made by counsel for plaintiff in error, that under a limitation clause such as that contained in the policy here in suit, the time of limitation within which the assured must bring his action does not commence to run from the date of the fire, although in terms so expressly stipulated in the policy, — but that such limitation commences to run only from *59 the time the loss becomes due and payable. While the courts which have adopted this rule of computation are not in every instance agreed upon the reasons for so deciding, they have generally placed their decisions upon the ground that there exists such apparent inconsistency and conflict between the provision in the policy postponing the right of the assured to bring suit thereon' until sixty days after the proof of loss has been furnished tó the insurance company, and the provision limiting the time within which the assured may commence his action, as to render the latter clause ambiguous and uncertain and to require that these alleged conflicting stipulations be harmonized by judicial construction. And proceeding to construe said provisions, they hold, that the words “within six months next after the fire,” found in said limitation clause," must, in order to give effect to the intention of the parties, yield to other stipulations of the policy, not more certain in terms, and said limitation clause therefore be construed as giving to the assured six full months in which to bring his suit, exclusive of the time, when' under other provisions of the policy suit could not be brought. We can not assent to the doctrine of these cases, which has for its support no other predicate than that of the claimed necessity for harmonizing these alleged conflicting provisions. The conflict claimed to exist between these provisions, would seem to us to be rather imaginary than real. The two provisions, while separate and distinct in office and purpose, are nevertheless entirely compatible, and they need no interpretation in language other than their own, which would seem to be so plain and unambiguous, as to be susceptible of but one mean *60 ing. By the one provision it is stipulated that the assured may not sue before a certain time, and by the other that he shall not sue after a certain time. The language of the policy is not, as assumed, that the assured shall have full six months in which to bring suit after certain things therein specified are done by him; but that he shall have six months within which to do and perform the things required, and to bring suit; so that, unless we are to ignore the plain language of the contract, and.by construction, hold that it means one thing, when it clearly and plainly says a different thing, we must conclude that the obvious meaning of the contract is, that no action shall be brought by the assured against the company until performance by him of those things required to be performed as conditions precedent tó his right to sue, and in no event after the expiration of six months. To hold otherwise is, it seems to us, to substitute by construction another and essentially different contract for the one made and entered into by the parties themselves. But it is argued, that if this construction of the contract is to obtain, that because of the provisions of the policy requiring proofs of loss,— the production of books and papers, and the submission to appraisers of the question of the amount of loss, etc., etc., — all of which will necessarily consume time, that cases may arise in which the time when suit must be brought will have elapsed, and the action be barred, before the right to sue has accrued. The answer to this is obvious. A provision by way of limitation in a contract of insurance which does not leave to the assured a reasonable time in which to bring suit after his cause of action accrues is void and of no effect, and, if acting *61 in good faith, and with proper diligence, it happens in a particular case that other provisions of the policy required to be complied with by the assured as a condition precedent to his right to sue, can not be performed by him and leave a reasonable time thereafter in which to-bring suit, the limitation will be held unreasonable and inoperative. Or, if in any case such provisions should be used and employed by the insurer, for the sole purpose of delay, they would be held to be suspended or waived. Thus the insured is fully protected under his contract as written, when construed according to its plain terms, by merely applying thereto well known and well established'principles of construction. The contract of insurance is a voluntary contract, and the insurer has a right to designate and prescribe the terms and conditions upon wliich it will consent to become liable in case of loss, and stipulations in policies of insurance that give to the insurer a certain time after proofs of loss are made in which to pay, and provisions limiting the time within which suit shall be brought, are universally sustained by the courts with the qualification only that such provisions and limitations must be reasonable. In the present case the rpcord discloses that the fire which occasioned the loss occurred September 9, 1901. The proofs of loss were filed with the company October 10, 1901.' The loss became due and payable, under the provisions of the policy, bn December 10, 1901. There yet remained, therefore, to the assured, after full compliance with all the requirements of the policy, three of the six months, within which to bring his suit. But no suit was commenced on said, policy until June 4, 1902, nearly nine months from the time of *62 the fire. The claim is made here that the insurance company waived the six months limitation of the policy, by entering into the negotiations for the amicable adjustment and settlement of this loss. As to this we think it sufficient to say, that not only was this claim found against the assured by the referee, and by both the courts below, but so far as the record discloses' there was nothing at any time pending these negotiations to prevent the assured from bringing suit if he had seen proper to do so. Furthermore, it is admitted that all negotiations were fully concluded, as early as February 1, 1902, still leaving forty days of the six months next after the fire, within which suit could have been brought, yet no excuse is made, or explanation attempted, as to why suit was not then instituted, but was delayed until June 4, 1902, which was five months and twenty-four days, after the cause of action had accrued, and the right to sue had become perfect, and almost nine months after the date of the fire. No suit having been brought on this policy within six months next after the fire, and no facts appearing in this case which justify or excuse the delay in bringing the same, it must be held, that at the tipie of the commencement of this action, on June 4, 1902, the plaintiff’s right to maintain a suit on this policy was barred by his contract. Prior to the present, time the only expression by this court in any manner bearing upon the particular question here involved, was in Portage County M. F. Ins. Co. v. West et al., 6 Ohio St., 600, which would seem to sustain the view now taken by us, if the same rule of construction may be applied to a contract that is applied to a statute. That the rule of construction is the same *63 as to each, will not, we think, be questioned. The conclusion reached by us that the limitation clause in this policy means exactly what it says, and that the limitation begins to run from the date of the fire, finds direct support in the following well con-, sidered cases:
Egan v. Ins. Co., 29 Ore., 403; Hart v. Ins. Co., 86 Wis., 77; King v. Ins. Co., 47 Hun, 1; Chichester, Admr., v. Ins. Co., 74 Conn., 510; McFarland v. Accident Assn., 5 Wyoming, 126; Rottier v. Ins. Co., 84 Minn., 116; The State Ins. Co. v. Stoffels, 48 Kan., 205; Ins. Co. v. Meesman, 2 Wash., 459; Fullam v. Ins. Co., 7 Gray, 61; Wilhelmi v. Ins. Co., 103 Iowa, 532; Travelers Ins. Co. v. California Ins. Co., 1 North Dakota, 151; Glass v. Walker, Assignee, 66 Mo., 32; Johnson et al. v. Ins. Co., 91 Ill., 92; Daly v. Ins. Co., 16 Col., 349; Ins. Co. v. Little et al., 20 Ill. App., 431.
Plaintiff in error having permitted the* six months next after the fire to elapse without bringing suit, there remained thereafter no legal liability on the part of the Cooper Insurance Company to respond in damages for the loss sustained, and the judgments of the courts below must be

Affirmed.

Shauck, C. J., Summers and Davis, JJ„ concur.